■ JULIAN L. HOFFMAN, Appellant, v LOTTE HOFFMAN, Respondent.—Motion for reargument granted and, upon reargument, the memorandum decision of this court and the order entered thereon on December 19, 1978

[66 AD2d 717] are vacated and recalled, said order resettled and a new memorandum decision substituted therefor as follows: Judgment, Supreme Court, New York County, entered July 6, 1978, which dismissed the husband's complaint, awarded a judgment of divorce to defendant-respondent on her counterclaim, awarded joint custody of the 18-year-old son of the parties with a direction that the son, whose physical residence is with his father, spend at least one full month per year with his mother during which the husband is to pay $50 per week for the son's support; and directed the husband to pay a counsel fee of $10,000 to the wife with credit for $2,250 already paid to one attorney during the course of the trial, is unanimously modified, on the law and the facts and in the exercise of discretion, without costs, to the extent of vacating the award of joint custody to the wife; striking the provision which directed the husband to pay $50 per week to the wife for the son's support and reducing the award of alimony from $800 per week to $500 per week, retroactive to the date of judgment with no credit for overpayments and providing that the counsel fees shall include the services on this appeal. In a matrimonial action where there are cross claims for divorce on the grounds of cruel and inhuman treatment the court may properly consider and balance the several factors in the case (*Hessen v Hessen,* 33 NY2d 406). Furthermore, the trial court was in the best position to assess the credibility of the witness. Where the testimony on any points is convoluted or contradictory, the trier of the facts has an advantage in being able to observe the witness firsthand. Therefore, his conclusions regarding credibility, intelligence, or bias should be given particular consideration. (*McLaughlin v McLaughlin,* 53 AD2d 729.) It appears the court determined that although both parties contributed to the marital discord, the husband's conduct alone rose to the level of cruel and inhuman treatment. On this record we are not prepared to hold the court abused its discretion in granting the divorce to the wife and dismissing the husband's complaint. The award of joint custody and support is unwarranted. The mother has expressed no desire for custody and Peter, at 18, is old enough to choose which of either parent he wishes to spend his time with. The record reveals the wife's actual expenses are closer to $2,100 per month than the $3,166 per month which she claims. The award of $800 per week is excessive and alimony in the sum of $500 per week appears to be adequate. The counsel fee was within proper bounds for services not already compensated by the wife, but should include services rendered in connection with this appeal. Resettled order signed and filed. Concur—Birns, J. P., Evans, Fein, Markewich and Silverman, JJ.