OPINION OF THE COURT
Kevin C. Fogarty, J.
This custody proceeding was filed by the petitioner to determine the legal custody of Pat G., born on February 14, 1962.
A hearing was held on December 5, 1979 at which time the respondent made an oral motion to dismiss the petition pursuant to the Uniform Child Custody Jurisdiction Act. (Domestic Relations Law, art 5-A, as added by L 1977, ch 493.) Before ruling on the oral motion, this court requested a proper written motion to which an affirmation in opposition to the motion to dismiss was filed by the petitioner. The respondent also filed reply papers with this court.
The question before this court is whether, as a matter of law, this court has jurisdiction to consider this petition since a prior custody award has been made by a California court.
The parties are the natural parents of Pat G.
The parties were never married, but the respondent was adjudicated the father of the child in the Bronx County Family Court in 1963.
*761 In 1974, the petitioner and the subject child moved to California. On June 9, 1977, the Superior Court of the State of California, County of Alameda, granted the respondent custody of Pat G. At that time, Pat G. returned to this State to live with the respondent.
On June 2, 1978, the California Superior Court made a further order regarding custody. The Superior Court ordered that the petitioner was to have no contact whatsoever, directly or indirectly, with Pat G. It also ordered that the Superior Court retained jurisdiction.
On August 31, 1979, the petitioner filed a petition for custody of Pat G. with this court. Before the merits of such a petition may be reached, the question of this court’s jurisdiction must be resolved.
Pursuant to section 75-n of the Domestic Relations Law, the courts of this State shall recognize and enforce a custody decree of a court of another State which had "assumed jurisdiction” under jurisdictional prerequisites substantially in accordance with the act; pursuant to section 75-o of the Domestic Relations Law, a court of this State shall not modify a custody decree of a court of another State unless it appears that the court which rendered the decree "does not now have jurisdiction ” under jurisdictional prerequisites substantially in accordance with the act and the court of this State has jurisdiction (emphasis added).
Accordingly, where, as here, there exists a custody decree by a court of another State, when a custody proceeding is commenced in this State the threshold inquiry is twofold. "First, it must be determined whether the sister State court had jurisdiction to render the custody decree and, second, whether, at the time the proceeding is commenced in this State, the sister State court would have jurisdiction to modify its decree.” (Clark v Clark, 67 AD2d 388, 390.) In answering these questions, reference must be made to the jurisdictional requirements detailed in section 75-d of the Domestic Relations Law.
On the first issue, since Pat G. had been in California for approximately three years when the custody proceeding was commenced in the California court, California was the "home State” of the child. Subdivision 5 of section 75-c of the Domestic Relations Law, defines "home State” as the State in which the child, at the time of the commencement of the custody proceeding, has resided with a parent or parents for at least *762 six consecutive months. Therefore, section 75-d (subd 1, par [a]) of the Domestic Relations Law is applicable. This paragraph grants jurisdiction to make a child custody determination to the home State of the child at the time of commencement of the custody proceeding. Thus, California’s assumption of jurisdiction appears to meet the jurisdictional prerequisites contained in section 75-d of the Domestic Relations Law.
On the second issue, it is apparent that in August, 1979, the time of the commencement of the instant proceeding in this State, California, which rendered the initial custody decree, no longer retained jurisdiction under jurisdictional prerequisites substantially in accordance with the act (Domestic Relations Law, § 75-oJ New York became the home State of Pat G. since he has resided here with his father for over six months, including the time that the petitioner commenced the custody proceeding (Domestic Relations Law, § 75-c, subd 5; § 75-d, subd 1, par [a]). It would not be in the best interests of the child for California to assume jurisdiction because none of the parties have a significant connection with that State (Domestic Relations Law, § 75-d, subd 1, par [b]). The petitioner has returned to this State at least since she commenced this proceeding and, therefore, no longer resides in California.
Nor are the jurisdictional requirements of section 75-d (subd 1, pars [c], [d]) of the Domestic Relations Law met by California. Pat G. is not physically present in California and has not been since June, 1977; and it does appear that another State would have jurisdiction under prerequisites substantially in accordance with the initial paragraphs of subdivision 1 of section 75-d of the Domestic Relations Law.
The respondent asserted that the fact that the California Superior Court expressly retained jurisdiction in its custody decree was enough to remove the California court from the purview of subdivision 1 of section 75-o of the Domestic Relations Law, which requires the court which rendered the decree not now have jurisdiction under "jurisdictional prerequisites substantially in accordance with this article” in order to be operative. The reference to "jurisdictional prerequisites substantially in accordance with this article” pertains to section 75-d of the Domestic Relations Law which recites the jurisdictional requirements needed under the Uniform Child Custody Jurisdiction Act. The retention of jurisdiction by the *763 California court is not a factor in determining the jurisdiction of this court (Domestic Relations Law, § 75-d).
Based on the resolution of these threshold issues, this court concludes that California would not have jurisdiction to modify its decree. However, in order for this State to be able to modify the custody decree of the California Superior Court, the California court must no longer have jurisdiction and the court of this State must have jurisdiction (Domestic Relations Law, § 75-o, subd 1). (See Matter of Templeton, NYLJ, Oct. 18, 1979, p 12, col 4.)
Pursuant to the same criteria used to determine the question of California’s jurisdiction, this court finds that this State has jurisdiction to modify the custody decree of the California Superior Court (Domestic Relations Law, § 75-d). This State is presently the home State of the child, as defined in subdivision 5 of section 75-c of the Domestic Relations Law and was the home State at the time of commencement of the custody proceeding (Domestic Relations Law, § 75-d, subd 1, par [a]). Furthermore, it is in the best interests of the child that a court of this State assume jurisdiction because the child and his parents have a significant connection with this State and there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships (Domestic Relations Law, § 75-d, subd 1, par [b]).
Therefore, the dual requirements of section 75-o of the Domestic Relations Law are met by this court, and this court has jurisdiction to modify the custody decree of the California Superior Court. The respondent’s motion to dismiss is denied.
Moreover, on March 12, 1979, the respondent filed a certified copy of the California custody decree in the office of the Clerk of this court. Pursuant to subdivision 1 of section 75-p of the Domestic Relations Law, a custody decree so filed has "the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state.”
Section 75-m outlines the force and effect of custody décrees rendered by a court of this State. Such a decree is "conclusive as to all issues of law and fact decided and as to the custody determination made unless and until that determination is modified pursuant to law, including the provisions of this article.” Section 75-d grants a court of this State which is competent to decide child custody matters the power to make a child custody determination "by initial or modiñeation de *764 cree,” provided that the jurisdictional prerequisites are met (emphasis added).
This court fails to see how the respondent can, on the one hand, file the California Superior Court’s custody decree with the Clerk of this court with an eye toward enforcement by this court, while, on the other hand, claim that this court lacks jurisdiction to modify that decree which the respondent himself obtained in California.
The respondent’s motion to dismiss the present action on the ground of lack of jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act is denied.
This court also finds that it is necessary to dismiss the petitioner’s petition for custody of Pat G. In the usual case, it is the practice of this court, after a motion to dismiss is denied, to recalendar the case for a hearing on the merits. A parent may not be awarded custody of a child over 18 years of age, having reached the age of majority for purposes of custody. (See Domestic Relations Law, § 2; Family Ct Act, § 651, subd [a]; Markland v Markland, 67 AD2d 940; Toppel v Toppel, 67 AD2d 628; Hoffman v Hoffman, 66 AD2d 717.) Hence, in less than a month, this court will lack the power to make a custody determination regarding Pat G., who will reach the age of 18 at that time, thus making this proceeding moot.
Accordingly, it is hereby ordered that the petition for custody be dismissed.