◼ In the Matter of JOSEPH J. NICOLS, JR., Appellant, v ROSEMARY NICOLS, Respondent.—In a proceeding for modification of the visitation provisions contained in a judgment of divorce issued in a foreign jurisdiction, petitioner appeals from an order of the Family Court, Suffolk County, entered February 8, 1980, which dismissed the petition on the ground of lack of jurisdiction. Order affirmed, with $50 costs and disbursements. The parties obtained a judgment of divorce in Florida in 1965. The judgment, inter alia, provided for alimony, child support, custody and visitation. In addition, the judgment specified that the Florida court retained jurisdiction of the "cause, the partes hereto and the subject matter hereof to make such further orders as may be necessary and proper". In 1977 the respondent wife, an Ohio resident, initiated a proceeding in Florida for modification of

the divorce decree as to child support and for an order compelling petitioner to pay arrearages. A motion by petitioner to dismiss the proceeding was denied by the Florida court on the ground that as provided in the divorce decree and upon statutory authority, it had retained jurisdiction. While the Florida proceeding was still pending, petitioner, a New York resident, instituted the instant proceeding in the Family Court for modification of the visitation provisions of the Florida divorce decree. Relying on the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, § 75-a *et seq.),* the Family Court found that it was without jurisdiction to entertain the petition and dismissed the proceeding. On this appeal, petitioner contends that the Family Court's reliance on the act was improper because visitation, and not custody, is at issue here. We disagree. The act expressly provides that for the purposes of said act, a "custody determination" is "a court decision and court orders and instructions providing for the temporary or permanent custody of a child, *including visitation rights"* (Domestic Relations Law, § 75-c, subd 2; emphasis added), and a "custody decree" is "a custody determination contained in a judicial decree or order" (Domestic Relations Law, § 75-c, subd 4). The Family Court thus properly determined that under section 75-*o* of the act, it was without jurisdiction to modify the Florida judgment of divorce as to visitation where the rendering court had retained jurisdiction of the cause and there was no indication that it would decline to assume jurisdiction to modify the judgment. Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur.