OPINION OF THE COURT
Raymond J. Barth, J.
This matter is before the court pursuant to a petition filed on April 28, 1982, wherein the petitioner, Kurt R. Stafford, has sought to modify the custody and visitation provisions of a decree of the Circuit Court for the City of Roanoke, Virginia, dated February 18, 1982. The respondent has, by letter, objected to this court’s jurisdiction in this proceeding and has requested that the matter be heard by the Virginia court. The court will treat respondent’s letter as a motion to dismiss the action.
The petitioner has submitted a memorandum of law in which he contends that this court has jurisdiction over the instant proceeding in accordance with the jurisdictional prerequisites contained within the Uniform Child Custody Jurisdiction Act (UCCJA; Domestic Relations Law, art 5-A).
Before this court can modify the custody decree of another State, it must be determined whether the sister State court had jurisdiction to render the custody decree *292 (Domestic Relations Law, § 75-n) and whether that court would have jurisdiction over the instant proceeding (Domestic Relations Law, § 75-o; Clark v Clark, 67 AD2d 388; William R.B. v Cynthia B., 108 Misc 2d 920; Matter of Theresa H. v Pasquale G., 102 Misc 2d 759).
This court must assume that the Virginia court had jurisdiction over the initial custody and visitation proceeding in accordance with the jurisdictional prerequisite of the UCCJA in that Virginia has adopted said act and, apparently neither party challenged the court’s jurisdiction therein.
It appears that Virginia has jurisdiction over the present matter in that in light of the parties’ legal history, particularly the recent proceedings in Virginia, the child and the respondent have a significant connection with Virginia and that substantial evidence concerning the child’s present or future care exists within Virginia. (Domestic Relations Law, § 75-d, subd 1, par [b]).
Upon review of the jurisdictional requirements of the UCCJA, it appears that this court also has jurisdiction over the instant proceeding. New York is the child’s home State (Domestic Relations Law, § 75-c, subd 5; § 75-d, subd 1, par [a]); the child and her father have a significant connection with New York and substantial evidence concerning the child’s present and future care exists in New York, where she has resided with the petitioner since 1980 (Domestic Relations Law, § 75-d, subd 1, par [b]); and the child is physically present in New York (Domestic Relations Law, § 75-d, subd 1, par [c]).
Based upon the foregoing, it is apparent that both States have satisfied the jurisdictional requirements of section 75-d of the Domestic Relations Law. However, this court is precluded from entertaining the instant proceeding by section 75-o of the Domestic Relations Law, which provides that “1. If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisite substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and (2) the court of this state has *293 jurisdiction”. The Virginia court still has jurisdiction over this matter and it has not declined to exercise such jurisdiction.
The court has made its determination in accordance with the provisions of the UCCJA in that counsel’s arguments were based on said act. However, it is significant to note that the Parental Kidnapping Prevention Act of 1980 (PKPA; US Code, tit 28, § 1738A) has pre-empted State law with regard to the factors necessary before jurisdiction can be exercised in interstate custody matters. (Matter of Leslie L.F. v Constance F., 110 Misc 2d 86; Matter of Mebert v Mebert, 111 Misc 2d 500). Nevertheless, the analysis under the UCCJA is applicable to the PKPA in that the provisions of section 75-o of the Domestic Relations Law are embodied within and nearly identical to the provisions of subdivision (f) of section 1738A of title 28 of the United States Code.
Now, therefore, it is ordered, that the petition filed on April 28, 1982 be and the same hereby is dismissed.