# (January 17, 1983)

■ PALMIRA S. ARENCIBIA, Appellant, v RALPH ORTIZ, Respondent. — In an action in which the plaintiff wife seeks to recover arrears in child support payments, the appeal is from an order of the Supreme Court, Queens County (Hyman, J.), dated January 18, 1982, which, *inter alia,* granted the defendant husband's motion to vacate a prior order of the same court which had granted the wife's motion for summary judgment. Order affirmed, without costs or disbursements (see *Antonovich v Antonovich*, 84 AD2d 799). Defendant's time to serve an amended answer is extended until 10 days after service upon him of a copy of the order to be made hereon, with notice of entry. O'Connor, J. P., Bracken, Rubin and Boyers, JJ., concur.

■ WILLIAM H. BAHR, Appellant, v CYNTHIA BAHR, Respondent. — In proceedings involving child custody and visitation, the petitioner appeals from an order of the Family Court, Westchester County (Scancarelli, J.), entered May 8, 1981, which granted the respondent's motion to dismiss the petitions for lack of jurisdiction. Order affirmed, without costs or disbursements. At the time the order under review was entered, respondent and the child in question had lived in New York for more than a year and as a result the Family Court had subject matter jurisdiction. However, under the current circumstances, this court will take judicial notice of the facts as they presently exist. It is uncontested that respondent and the child have lived in Connecticut since June, 1981 and that petitioner has lived in New York since that time. Thus, Connecticut is now the "home State" of the child. In addition, the Connecticut courts have continued to assert jurisdiction over the matter since the time that the original custody and visitation decrees were entered. As a result, the Family Court, Westchester County, must continue to decline jurisdiction over the matter and defer to the Connecticut courts for a resolution of any custody and visitation controversies. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur. [108 Misc 2d 920.]