OPINION OF THE COURT
Raymond J. Barth, J.
This matter was commenced by the filing of an order to show cause and petition on August 20, 1982 wherein the petitioner sought to modify the parties’ decree of divorce so as to grant him joint custody and specific rights of visitation with his children. The respondent denied the allegations of the petition and later moved to dismiss the petition for lack of jurisdiction.
The substantially agreed upon facts are as follows:
(1) that the subject children were both born on January 12,1977 and resided in New York State until July of 1981;
(2) that the parties were divorced by decree of the Supreme Court of Onondaga County, State of New York, dated April 9, 1979 wherein the respondent was awarded custody of the children and the petitioner granted reasonable rights of visitation;
(3) that in July of 1981 the respondent moved with the children to Texas where they remained for approximately two months;
(4) that in September of 1981 the respondent moved with the children to Indiana where they reside to this date;
*142 (5) that the petitioner has continuously resided in New York State throughout this period; and
(6) that nearly all of the children’s relatives reside within the State of New York.
The Parental Kidnaping Prevention Act of 1980 (P.K.P.A.; US Code, tit 28, § 1738A) has pre-empted State law with regard to the factors necessary before jurisdiction can be exercised in interstate custody matters. (Stafford v Stacey, 115 Misc 2d 291; Matter of Leslie L.F. v Constance F., 110 Misc 2d 86.)
Subdivision (d) of the P.K.P.A. provides that “The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence of the child or of any contestant.” The Onondaga County Supreme Court made the custody determination consistently with the provisions of the P.K.P.A. and the petitioner has remained a resident of the State of New York. Paragraph (1) of subdivision (c) requires a determination of whether this court has jurisdiction in accordance with New York State laws.
Section 75-d of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, art 5-A) provides the jurisdictional grounds upon which a New York court may assume jurisdiction in an interstate custody matter. The only ground applicable herein is as follows:
“1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when * * *
“(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships”.
The parties and the children have a significant connection with New York State in that they resided here as a *143 family unit for about four and a half years; well over half of the children’s lives. There is substantial evidence in New York concerning the children’s future care, protection, training and personal relationships. Most of the children’s relatives reside in New York. It is of great significance that the petitioner is not seeking to deprive the respondent of custody of the children. He is seeking joint custody of the children, consisting, in substance, of expanded rights of visitation. Therefore, the focus of this proceeding will be on the petitioner’s environment as it affects the best interests of the children.
Accordingly, it is the determination of this court that it continues to have jurisdiction over this matter. (Cf. Matter of S. Frederick P. v Barbara P., 115 Misc 2d 332.)
Now, therefore, it is ordered, that the respondent’s motion to dismiss the instant petition be and the same hereby is denied in all respects; and it is further ordered, that this matter be and the same hereby is placed on the General Trial Calendar.