■ ROBERT L. ENSLEIN, Respondent, v ANDREAS G. ENSLEIN, Appellant.—In a proceeding pursuant to article 5-A of the

Domestic Relations Law to modify the custody decree of another State, the appeal is from so much of an order of the Supreme Court, Queens County (Buschman, J.), dated June 20, 1983, as, upon reargument, adhered to its original determination, dated February 22, 1983, *inter alia,* denying the mother's motion to restore the proceeding to the calendar and granting the father's cross motion to dismiss the proceeding.

Order affirmed insofar as appealed from, without costs or disbursements.

The parties were married in New York in 1971. Their son was born here in 1974. In August of 1979, they moved to Florida, where marital difficulties led to the parties' separation and the execution of a "Settlement Agreement" in August of 1980. The agreement stated that it was to be governed by Florida law, and provided, *inter alia,* for "joint child custody" in which the mother would be granted "primary" custody during the school year and the father would have the right to have the child live with him when school was not in session.

Shortly thereafter, the mother and child moved back to New York. In March of 1981, a final judgment of divorce was obtained in Florida. The agreement of the parties survived, and did not merge with the judgment. The child stayed with the father during the summer of 1981. In August of that year, towards the end of the child's visit, the father commenced a proceeding in Florida to modify the custody provisions of the Florida judgment and to grant him sole custody of the child. The Florida court ordered custody investigations and retained jurisdiction of the matter, but would not grant the father temporary exclusive custody. Accordingly, the child was returned to New York.

Thereafter, in November of 1981, the mother commenced this proceeding in New York to modify the custody provisions of the Florida judgment to grant her sole custody of the child. For various reasons, this proceeding was continually adjourned, until it was marked off the calendar in April of 1982. However, the father's Florida proceeding continued unabated until August of 1982, when the father was awarded "permanent and primary" custody of the child. In the meantime, the mother moved in July of 1982 to restore her proceeding to the calendar in New York, claiming that only New York had proper jurisdiction to determine custody. The father thereupon cross-moved to dismiss the proceeding on the ground that Florida had proper jurisdiction. Special Term granted the

father's cross motion, stating, *inter alia,* that under the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law art 5-A), Florida had proper jurisdiction, and that, under the facts of this case, the New York courts should defer to the jurisdiction of the Florida courts in modifying the custody provisions of the Florida judgment. The mother has appealed.

Appellant is correct in stating that with regard to the factors necessary before jurisdiction can be determined in interstate custody matters, the Federal Parental Kidnapping Prevention Act of 1980 (PKPA) (28 USC § 1738A) preempts the UCCJA (28 USC § 1738A [a]; *Blazek v Blazek,* 119 Misc 2d 141; *Hays v Hays,* 117 Misc 2d 541; *Stafford v Stacey,* 115 Misc 2d 291). However, applying the PKPA to the case at bar, the order should nevertheless be affirmed.

While New York may validly claim jurisdiction as the "home state" of the child (28 USC § 1738A [c] [2] [A]), it may not modify the Florida judgment unless Florida no longer has jurisdiction or declines to exercise it (28 USC § 1738A [f]). Here, it is clear that Florida has not declined to exercise its jurisdiction. Moreover, under the facts of this case, where, among other things, the father has remained in Florida, and the child and the father have had significant contact with the State of Florida, it is clear that Florida still has jurisdiction (28 USC § 1738A [c] [1], [2] [B]; [d]). Special Term was therefore correct in deferring jurisdiction to the Florida courts and in dismissing the New York proceeding. Mollen, P. J., Bracken, Brown and Lawrence, JJ., concur.