OPINION OF THE COURT
Carmen J. Cognetta, J.
This is a proceeding brought by order to show cause dated August 5, 1985, wherein, pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA; Domestic Relations Law § 75-a et seq.) petitioner seeks modification of a California judgment of divorce fixing custody and visitation as provided in the parties’ "Marriage Settlement Agreement.” More specifically, petitioner seeks to enjoin respondent from taking the child to California for visitation.
On August 12, 1985, the Honorable Daniel D. Leddy, Jr., found that petitioner made a prima facie showing that jurisdiction lies in New York. The court gave the respondent time to submit papers contra. Also on that date, a temporary order of visitation was issued based on a stipulation between the parties.
*757 On August 29, 1985, respondent brought on an order to show cause to have petitioner held in contempt of this court for removing the child from California prior to the expiration of visitation set forth in the temporary order. Respondent also seeks to have child support and arrears for the "time in issue” canceled, and an award of travel expenses and counsel fees. Respondent was unable to make personal service; hence another order to show cause was signed on September 10, 1985, authorizing service on petitioner’s attorney.
Petitioner opposed and cross-moved on October 3, 1985, for enforcement of child support, an order of child support arrears, an upward modification of child support (petitioner seeks more than a three-fold increase in the amount of child support), and an award of costs and counsel fees.
On October 30, 1985, respondent moved for dismissal of the petition pursuant to the UCCJA and the Parental Kidnaping Prevention Act (PKPA; 28 USC § 1738A). He also opposes petitioner’s cross motion for support and seeks an award of fees and costs. The court reserved decision on the motion to dismiss as of November 12, 1985, when all papers were due and received. Finally, petitioner moved to amend her petition, on December 4, 1985, to request an award of custody, and decision was reserved.
After reviewing all papers and proceedings had herein, the court makes the following findings of fact and conclusions of law.
First, the parties’ requests involving support issues are denied. These matters cannot be addressed in the context of a UCCJA proceeding. Rather, they lie in the jurisdictional ambit of a Uniform Support of Dependents Law (USDL) proceeding. The crucial, preliminary issue of the court’s jurisdiction over the petition will be discussed in depth. It is dispositive of the remaining motions and cross motions in this case.
The following background facts are undisputed. The parties married in New York in 1981. They moved to California thereafter where Natalie was born on February 8, 1984. A few months later, they separated. Petitioner initiated a divorce action in California. A couple of months later, petitioner returned to New York with the child. The parties signed a "Marriage Settlement Agreement” on May 7, 1985, after consultation with separate California counsel. The custody and visitation provisions found in the agreement are expressly set forth in the "Attachment” to the judgment of divorce *758 entered by the Superior Court of California on July 29, 1985. The parties have joint legal custody of their daughter with physical custody to the mother subject to the father’s visitation rights. Those rights are "any and all reasonable times when husband is in New York” plus specified periods in each of the next three years, including periods of visitation when the child may be taken to California by her father. Petitioner wishes to modify the provision for 1985, giving the father five days’ visitation in New York followed by 25 consecutive days in California.
Respondent contends that New York is without jurisdiction under the UCCJA and the PKPA and that California retains jurisdiction. In opposing respondent’s motion to dismiss, petitioner contends that New York has jurisdiction under all four of the statutory predicates found in the UCCJA (Domestic Relations Law § 75-d). These predicates are discussed seriatim.
Two of the jurisdictional bases under the UCCJA are easily satisfied in this case. New York is Natalie’s "home state” (Domestic Relations Law § 75-d [1] [a]), as she has resided here some 15 months, more than twice the requisite six consecutive months, and jurisdiction may be premised on this fact. New York also has jurisdiction under the UCCJA (Domestic Relations Law § 75-d [1] [b]) based on the significant connection the child and her mother, the petitioner, have with New York and the substantial evidence in New York concerning the child’s present and future care and relationships. These factors, the significant connection and substantial evidence, support a finding by this court that it is in the child’s best interest for New York to assume jurisdiction.
The court finds petitioner’s claim of emergency jurisdiction unsubstantiated. The investigation and report and full evaluation/testing, ordered by the court and considered as to this basis only, do not support a finding of emergency jurisdiction. An emergency under the UCCJA (Domestic Relations Law § 75-d [1] [c]) arises where the court’s refusal to exercise jurisdiction would leave the child in danger; the exercise of jurisdiction must be necessary to protect the child. There must be an imminent danger of emotional or physical harm to the child. (Gomez v Gomez, 86 AD2d 594 [2d Dept 1982].) The appellate courts have established a high threshold for a finding of emergency jurisdiction; such a finding must not be *759 lightly made.[2] (Matter of Severio P. v Donald Y, 128 Misc 2d 539.) There is no emergency requiring that modification jurisdiction be exercised by this court rather than the California court which entered the decree only days before this petition was filed.
Lastly, petitioner relies on that section of the UCCJA which provides jurisdiction when no other State has jurisdiction, or another State has declined to exercise jurisdiction, and it is in the child’s best interest for this court to assume jurisdiction (Domestic Relations Law § 75-d [1] [d].) Petitioner argues that California no longer has jurisdiction.
Does California, which entered a final decree on July 29, 1985, still have jurisdiction under the UCCJA? This question must be answered in the affirmative. Respondent informed the court that there is an action pending in the California court which he brought for modification of the custody provision of that court’s decree. Pursuant to the UCCJA (Domestic Relations Law § 75-g; see also, Mayoff v Robin, 115 AD2d 524 [2d Dept 1985]), this court communicated with the Superior Court of California and was informed on December 31, 1985, that a decision was made by Judge Frank Kim that California has continuing jurisdiction over this matter and is exercising it. Judge Kim expressly denied a request by the mother (petitioner herein) for deference to New York jurisdiction.
Certainly, California is no longer the child’s home State, and the connection to California and evidence to be found there are more tenuous than in New York. Nevertheless, New York does not have jurisdiction under the final basis of the UCCJA (Domestic Relations Law § 75-d [1] [d]), because California has refused to decline continuing jurisdiction.
Thus, the court is faced with a situation where jurisdiction lies in New York and California also claims jurisdiction. The UCCJA, adopted by both States, and the PKPA, binding on both States, aim to prevent and avoid such jurisdictional competition and conflict. (Domestic Relations Law § 75-b [1] [a]; PKPA [Pub L 96-611] § 7 [c] [5].)
The court must turn now to the PKPA. This Federal statute is not only applicable in cases where a parent unilaterally *760 removes a child to another State. (Matter of Diane W. v Norman W., 112 Misc 2d 114.) Rather, the PKPA must be honored in every interstate custody proceeding. It preempts New York law. (Enslein v Enslein, 112 AD2d 973 [2d Dept 1985].)
A finding of jurisdiction made under the UCCJA may be abrogated by conflicting provisions of the PKPA. "It is not enough that under the facts of a particular case there is jurisdiction in accordance with the UCCJA. The terms of the PKPA must be consulted, and such is the paramount authority.” (Foster and Freed, Child Custody Decrees — Jurisdiction, NYLJ, Apr. 24, 1981, p 1, col 1, at p 2, col 5.)
The PKPA mandates that full faith and credit be given to other States’ custody decrees. (28 USC § 1738A [a].) Any custody decree, made in accordance with the Act’s jurisdictional prerequisites, may not be modified unless the second court has jurisdiction and the first court no longer has jurisdiction or has declined to exercise modification jurisdiction. (28 USC § 1738A [f].) This section is essentially the same as the UCCJA (Domestic Relations Law § 75-o [1]) which allows a New York court to modify another State’s custody decree only if that other State’s court no longer has jurisdiction under established jurisdictional prerequisites, or had declined to exercise jurisdiction, and the New York court has jurisdiction. It is clear from the conjunctive language of these two statutes that even when New York has jurisdiction, it may not modify another State’s custody decree if that other State also has jurisdiction, unless there has been a declination of jurisdiction by the other State. See, Stafford v Stacey (115 Misc 2d 291), holding that both Virginia and New York had jurisdiction but that New York was precluded from exercising it.
In William R. B. v Cynthia B. (108 Misc 2d 920), the court found that New York was the child’s home State and that Connecticut no longer had jurisdiction under the UCCJA. Nevertheless, the court found application of the PKPA precluded its exercise of jurisdiction. The court stated that it must defer to the Connecticut court until Connecticut declines continuing jurisdiction.
In Bahr v Bahr (91 AD2d 1010 [2d Dept 1983], lv denied 60 NY2d 640), the court affirmed Family Court’s dismissal of a custody petition even though the New York court had jurisdiction based on the child’s residence in New York for over a year. The court noted that the child subsequently moved to *761 Connecticut which became the child’s home State. Also noted by the court was the fact that (p 1010) "the Connecticut courts have continued to assert jurisdiction over the matter since the time that the original custody and visitation decrees were entered.” Therefore, the court said, New York may not exercise jurisdiction but must defer to Connecticut.
Respondent relies on Enslein v Enslein (supra), a case factually quite similar to the case at bar. In Enslein the parties were married in New York where their child was born. Subsequently, the family moved to Florida. The next year the parties signed a "Settlement Agreement” providing joint custody and stating that Florida law governs. The child was to live with the mother, "primary” custodian, during the school year and with the father while not in school. The mother returned to New York with the child, after which a final divorce was granted by the Florida court. The agreement survived. At the end of the child’s summer stay with him, the father instituted a custody modification petition in the Florida court, which retained jurisdiction and ordered investigation. The child was returned to New York. In the fall, the mother instituted a New York custody action. The next summer, the Florida court awarded the father "permanent and primary” custody.
The father’s cross motion to dismiss the New York proceeding under the UCCJA was granted. The Appellate Division affirmed, stating the dismissal was proper notwithstanding requisite application of the PKPA. The court said that section 1738A (f) of the PKPA precluded New York from exercising modification jurisdiction, because Florida still had jurisdiction.[3] New York cannot modify a custody decree if the State which issued it still has jurisdiction. Perhaps most significant *762 in Enslein was the fact that during the pendency of the modification proceeding in New York, the Florida court issued a final order modifying its own custody decree. Hence, New York, even though it had jurisdiction, properly deferred to Florida.
Having jurisdiction is not synonymous with appropriately exercising it; the court may have jurisdiction but be legally precluded from exercising it. In Diane W. v Norman W. (112 Misc 2d 114, supra), the petitioner and child had been living in New York for over a year. Nevertheless, Judge (now Justice) Richard D. Huttner cogently stated: "Despite the fact that New York may perhaps now be the more appropriate forum, the court in New York is by both laws [PKPA and UCCJA] estopped from assuming jurisdiction.” (Diane W. v Norman W., supra, at p 116.)
In the case at bar, this court finds New York to be the obviously more appropriate forum for a visitation or custody determination. The original California judgment was valid, but the situation has greatly changed since the initial action was commenced. New York is now the child’s home State, and it is in Natalie’s best interest for New York to assume jurisdiction, because she and her mother have a very significant connection with New York and there is substantial evidence here concerning the child’s care and relationships. In spite of this, the court is constrained from exercising its jurisdiction over this matter by the PKPA and the UCCJA, because California has not relinquished its jurisdictional grasp.
In accordance with the foregoing, respondent’s motion to dismiss is granted, all other motions in this matter are denied, and the petition is hereby dismissed, without prejudice to renewal should there be a reconsideration and declination of jurisdiction by the California court.

. Emergency jurisdiction under the PKPA requires an even more stringent showing than under the UCCJA. The Federal statute requires that "it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse”. (28 USC § 1738A [c] [1], [2] [C] [ii].)

. The court in Enslein v Enslein (112 AD2d 973) found that Florida had continuing jurisdiction under PKPA (28 USC § 1738A [d]) which provides that a State which has made a valid custody determination continues to have jurisdiction so long as the State still has jurisdiction under its law (UCCJA) and either the child or any contestant still resides in the State. The question then is on what UCCJA basis did Florida still have jurisdiction. While noting (p 575) that New York "may validly claim jurisdiction as the 'home state’ ”, the court in Enslein went on to say that Florida had jurisdiction under section 1738A (c) (1), (2) (B) of the PKPA. This section provides jurisdiction if it is in the best interest of the child because the child and a contestant have "significant connection” with the State and there is "substantial evidence” in the jurisdiction. But this subdivision, unlike its counterpart in the UCCJA, also requires that no other State have home-State jurisdiction, making the statements by the court that New York is the home State and that Florida still has jurisdiction under section 1738A (c) (1), *762 (2) (B) seem inherently inconsistent. Florida’s continuing jurisdiction could have been based on the significant connection basis of the UCCJA which does not require that no other State have home-State jurisdiction. (See, Foster and Freed, Child Custody Decrees — Jurisdiction, NYLJ, Apr. 24, 1981, p 1, col 1, for an analysis of this difference in the two statutes.)