OPINION OF THE COURT
Bernard F. McCaffrey, J.
Motion to modify agreement, and related relief; cross motion to dismiss defendant’s application, and other relief are determined as hereinafter provided.
The parties to this postjudgment matrimonial proceeding were divorced pursuant to a January 19, 1978 decree of dissolution issued by the Circuit Court of St. Louis, Missouri. The aforementioned decree provides, inter alia, that defendant is awarded custody of the parties’ two infant issue, Jeffrey and Steven, subject to plaintiff’s specified visitation rights. Plaintiff was directed to pay $200 per month in child support for each *359 child. Jeffrey, age 18, is currently attending the University of Missouri at plaintiff’s expense and is not the subject of this proceeding. The custody of Steven, age 13, is, however, ardently contested.
Following the parties’ divorce, defendant remarried and relocated with Steven to Long Island. In September 1982 the parties agreed that Jeffrey would, at his request, reside with plaintiff and his new wife in New Jersey.
In the summer of 1985, for business reasons, defendant chose to move once again, this time to Florida. However, on October 28, 1985, plaintiff obtained a temporary restraining order from this court enjoining defendant’s removal of Steven from the State. On November 27, 1985, the parties resolved their dispute by entering into a written agreement which provides for joint custody of Steven, although Steven would physically reside in New Jersey, subject to defendant’s liberal visitation rights. This agreement was never "so ordered”, stipulated to in open court, or incorporated into any subsequent order or decree of this court.
Paragraph 15 of the agreement provides in its entirety that "[t]he parties agree that jurisdiction for all matters relating to custody and visitation of both children shall be in the Supreme Court of the State of New York, County of Nassau.”
Defendant thereafter departed for Florida and neither she, plaintiff, nor Steven have resided or maintained any significant contacts with New York since that time.
More recently, in approximately June 1988, immediately following Jeffrey’s high school graduation in New Jersey, Steven accompanied defendant to Florida where he allegedly seeks to remain. An August 18, 1988 affidavit from Steven annexed to defendant’s moving papers confirms this. Defendant, therefore, seeks an award of custody plus $200 per week in child support.
. Plaintiff has cross-moved for virtually identical relief, alleging that Steven was pressured into executing the aforementioned affidavit. Moreover, plaintiff asserts that it is defendant, not he, who has failed to properly care for Steven. Accordingly, plaintiff alleges that it would be in Steven’s best interest for him to be awarded custody.
The threshold issue to be determined in this matter is whether, notwithstanding the parties’ desire in 1985, this court has jurisdiction to award custody of Steven to either party.
*360 The Parental Kidnaping Prevention Act of 1980 (PKPA) (28 USC § 1738A) has preempted State law with regard to the factors necessary before jurisdiction may be invoked in interstate custody matters. (Blazek v Blazek, 119 Misc 2d 141; Matter of Patricia R. v Andrew W., 121 Misc 2d 103; Farrell v Farrell, 133 AD2d 530.)
Section 1738A (d) provides that the jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of that section continues as long as the requirements of subdivision (c) (1) continue to be met and such State remains the residence of the child or of any contestant.
As the result of their departure from Missouri, it is therefore clear that the custody provision of the January 9, 1978 divorce decree is subject to modification (PKPA § 1738A [f]). Pursuant to section 1738A (c), a State has jurisdiction to make a custody determination if (1) such court has jurisdiction under its own law, and (2) the State either is or has been the child’s home State within the previous six months, no other State has jurisdiction and significant contacts or substantial evidence concerning the child’s care are present there, the child is physically present in the State and has been abandoned or an emergency exists, or it is in the best interests of the child that the State whose jurisdiction is at issue assumes jurisdiction.
Yet, as plaintiff notes, "custody determination” is defined in section 1738A (b) (3) as a "judgment, decree, or other order of a court providing for the custody or visitation of a child”. Private agreements are not included. Therefore, even assuming arguendo the parties’ November 27, 1985 agreement is legally valid, the applicability of the PKPA is questionable.
New York’s law (Domestic Relations Law art 5-A), the Uniform Child Custody Jurisdiction Act, is comparable to and largely parallels the PKPA. Specifically, section 75-d provides four possible predicates for jurisdiction: (a) home State; (b) significant contacts or substantial evidence concerning the child’s care in New York; (c) physical presence, plus abandonment or emergency; and (d) no other State has jurisdiction or has declined to exercise it because this State would be a more appropriate forum.
Under either Federal or State law even the most cursory review of this matter indicates that no jurisdictional predicate exists which warrants an assertion of jurisdiction by this court.
*361 It is self-evident that the only State that could conceivably be deemed Steven’s "home State” is New Jersey or Florida. Neither Steven nor the parties have been physically present in New York since 1985. Likewise, those are the only States to which the parties have maintained any contact, or where substantial evidence of Steven’s care may be found. Lastly, there is no evidence that he has either been abandoned, or that an emergency exists. Indeed, Steven’s August 16, 1988 affidavit states that he is well cared for and happier in Florida. Moreover, any claim of emergency may be discounted by virtue of the fact that this matter was consensually adjourned approximately nine times between September 1988 and January 1989.
The parties’ respective applications are, therefore, denied with leave to renew in an appropriate forum.