OPINION OF THE COURT
Richard D. Huttner, J.
Petitioner mother herein, by order to show cause, seeks to commence a custody proceeding in this court pursuant to article 5-A (§ 75-a et seq.) of the Domestic Relations Law which codifies and embodies the Uniform Child Custody Jurisdiction Act (UCCJA). Respondent father argues that the New York courts are without jurisdiction.
The salient facts are as follows: The parties were married in New York in 1970. Thereafter, they resided as husband and wife in California, where on January 3, 1978 their son was born. Marital difficulties arose and the petitioner filed an action for divorce in California in August of 1980. In October, 1980 she and the child returned to New York and resided here since that date.
On June 12, 1981, after a hearing wherein both the parties and their counsel participated, an interlocutory judgment of dissolution of the marriage was granted by the Superior Court of California. The terms of that judgment were that an order of the same court dated May 19, 1980, *115 dealing with custody and visitation be continued. The May 19, 1980 order provided for joint legal custody of the child, with the mother having physical custody, and visitation of two weeks every two months was awarded the father. The court in the judgment of June 12, 1981 specifically stated that this arrangement was in effect, “until further order of the court, which reserves jurisdiction in this regard”
The California divorce became final on September 16, 1981. Counsel for both parties agreed during oral argument of the within motion, that there is a pending custody and visitation proceeding in California, and that because the California order with regard to those issues is interlocutory, it is not final. In fact, as recently as July, 1981, the petitioner herein visited a psychiatrist in California in an effort to finalize the custodial and visitation arrangements.
Petitioner’s attorney posits that New York has jurisdiction by virtue of the UCCJA. In this case, as in all interstate custody and visitation disputes, the threshold question is which State properly may assume jurisdiction. Before applying the UCCJA, reference to the Parental Kidnapping Prevention Act of 1980 (US Code, tit 28, § 1738A [PKPA]) must be made since the PKPA not only establishes a policy of Federal pre-emption in this area but also by virtue of the supremacy clause of the United States Constitution, it must be accorded priority. (Leslie L. F. v Constance F., 110 Misc 2d 86.)
It is clear from a reading of the PKPA, that petitioner’s attorney’s proposition that there must be a wrongdoing or kidnapping for the PKPA to be operable is manifestly erroneous. The statute simply contains no such precondition.
When the action was commenced in California, both of the contestants and the child had resided in California for several years. There is no question that the standards for jurisdiction set forth in both the PKPA and UCCJA were met and California properly assumed jurisdiction. (US Code, tit 28, § 1738A, subd [c]; Domestic Relations Law, § 75-d.) What is of note now is that petitioner and child *116 have legally resided in New York in excess of 14 months. The mother is employed full time as a schoolteacher in New York, the child is enrolled in a New York school, and the grandparents reside in New York. All of the above facts constitute a significant connection with New York justifying a legitimate State interest in the outcome of this dispute. (See US Code, tit 28, § 1738A, subds [c], [f]¡Domestic Relations Law, § 75-d, subd 1, pars [a], [b]; § 75-o.)
However, what is of overriding importance is that the California court still has pending before it a custody proceeding. The PKPA provides in title 28 (§ 1738A, subd [g]) of the United States Code: “A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.” (Emphasis added.)
The UCCJA likewise provides in subdivision 1 of section 75-g of the Domestic Relations Law: “A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article”. (Emphasis added.)
Despite the fact that New York may perhaps now be the more appropriate forum, the court in New York is by both laws estopped from assuming jurisdiction. Fortuitously, the draftsmen of the UCCJA had the foresight to envision that due to a change in circumstances, a State other than the State that had initial jurisdiction might thereafter have more significant contacts with the child. To accommodate such a circumstance, the UCCJA affords the court of initial jurisdiction the discretion to stay its own proceeding and defer to a State with a more appropriate forum. (Domestic Relations Law, § 75-g, subd 1.) If after reviewing the current situation, the California court declines jurisdiction, this court will then assume same. (US Code, tit 28, *117 § 1738A, subd [f], par [2]; Domestic Relations Law, § 75-g, subd 1.)
Therefore, the petition is dismissed.