644 P.2d 522

**Donna Lee Wright TUFARES,**
**Petitioner-Appellee,**

v.

**Charles Pyne WRIGHT,**
**Respondent-Appellant.**

No. 13652.

Supreme Court of New Mexico.

April 13, 1982.

Rehearing Denied May 7, 1982.

Singleton & Roberts-Hohl, Sarah M. Singleton, Santa Fe, John W. Reynolds, Silver City, Tim Healy, Ogden, for respondent-appellant.

C. N. Morris, Silver City, for petitioner-appellee.

## OPINION

RIORDAN, Justice.

This appeal follows a New Mexico trial court order modifying a Utah district court judgment which granted custody of the two minor children to their father, Charles Wright (father). The Utah proceeding was a modification of a previous New Mexico divorce judgment, which had granted custody to the mother, Donna Lee Tufares (mother). We find that the Parental Kidnapping Prevention Act of 1980 (PKPA), 28 U.S.C.A. § 1738A (Spec.Pamp.1981) must be followed by the New Mexico court and we reverse the trial court for lack of subject matter jurisdiction.

On June 6, 1978, the New Mexico trial court granted a divorce and awarded custody of Sterling and Spencer Wright to their mother. Pursuant to his rights under the final decree, the father took the children to Utah for a two-month summer visit in June 1979. The father did not return the children to the mother after the summer visitation as required by the court order. Instead, he initiated a proceeding in Utah to modify the New Mexico judgment based on the mother's failure to abide by the original New Mexico decree. On September 7, 1979, both parties appeared with their attorneys in Utah and fully litigated the issue. On February 15, 1980, the Utah court modified the New Mexico decree and granted custody to the father. The mother did not appeal.

On June 15, 1980, the mother picked up the children in Utah for a two-month visit in New Mexico pursuant to a special visitation agreement. She failed to return the children to Utah as agreed. On June 28, 1980, the mother filed a motion in the New Mexico trial court to modify the Utah judgment. On December 16 and 17, 1980, both parties appeared with their attorneys and presented evidence to the New Mexico trial court, which took the case under advisement. On March 8, 1981, the New Mexico trial court entered a judgment modifying the Utah decree and granting custody to the mother. The father appeals.

We decide the following issues on appeal:

I. Whether the PKPA applies to this case;

II. Whether the PKPA precludes modification of the Utah decree.

## I. The PKPA Applies

We stated in *Valles v. Brown*, 97 N.M. 327, 639 P.2d 1181 (1981), that the effective date of the PKPA is December 28, 1980. The present case was filed in the New Mexico trial court on September 2, 1980, argued December 16 and 17, 1980, but it remained pending until March 8, 1981, when the trial court finally entered judgment.

With respect to federal laws, the general rule is that a court should apply the law in effect at the time it renders its decision. In other words, once a federal law is enacted, it applies to cases then pending. *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801); *Electronic Data Systems v. Soc. Sec. Organization*, 651 F.2d 1007 (5th Cir. 1981) (citing the United States Supreme Court in *Dames & Moore v. Regan*, 453 U.S. 654, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981) as applying the *Schooner Peggy* rule to cases pending in district court as well as on appeal); *In Re Spell*, 650 F.2d 375 (2nd Cir. 1981); *Corpus v. Estelle*, 605 F.2d 175 (5th Cir. 1979), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1284, 63

L.Ed.2d 605 (1980); *Grenier v. U.S. Internal Revenue Service*, 449 F.Supp. 834 (D.Md. 1978).

■ The only qualification to the rule of *Schooner Peggy* is where application of the new law would result in a "manifest injustice", or if there is statutory direction or legislative history to the contrary. *Corpus v. Estelle, supra* at 180; *Bradley v. Richmond School Board, supra*, 416 U.S. at 715 n.21, 94 S.Ct. at 2018 n.21. There is no indication of statutory direction or legislative history that would preclude present application of the PKPA to pending cases, and even though one party could always argue the existence of a "manifest injustice", the case at bar does not fall within the intended ambit of this exception. *See Corpus v. Estelle, supra* at 180 n.9. If the PKPA is applied to this case, there is no "manifest injustice". The parties still have an opportunity to present their case to the Utah court.

■ In light of the Supremacy Clause of the Constitution of the United States (U.S. Const.Art. VI, cl. 2), we will follow the rule of *Schooner Peggy* rather than conflicting state law as it affects our implementation of the PKPA to pending cases. *Cf. Barela v. N.M. Dept. of Human Serv., Etc.*, 94 N.M. 288, 609 P.2d 1244 (Ct.App.), *cert. denied*, 94 N.M. 629, 614 P.2d 546 (1979) (ruling that under the supremacy clause a state regulation concerning the aid to families with dependent children program cannot contravene federal law and valid federal regulations implementing that program); *Valles v. Brown, supra* (where this Court applied federal case law in determining the effective date of the PKPA). *See also City of Albuquerque v. Butt*, 83 N.M. 463, 493 P.2d 773 (Ct.App.1972); *Padilla v. Atchison, Topeka & Santa Fe Railway Co.*, 61 N.M. 115, 295 P.2d 1023 (1956).

## II. *The PKPA Precludes Modification*

As the PKPA sets forth, a New Mexico court can only modify a child custody decree issued in another state when:

(a) New Mexico has jurisdiction to make such a child custody determination; *and*

(b) the Utah court no longer has jurisdiction, *or* it has declined to exercise such jurisdiction to modify such determination. 28 U.S.C.A. § 1738A(f) (Spec.Pamp.1981).

■ Under its own law, New Mexico had jurisdiction to modify the Utah decree as required by the first prong of the test. The original divorce decree was entered in New Mexico; the children were physically present in New Mexico, and both parties appeared on the merits. *See Worland v. Worland*, 89 N.M. 291, 551 P.2d 981 (1976). The second prong of the test is not met, however. Therefore, New Mexico *cannot modify* the decree. Utah had jurisdiction under its own law to modify the New Mexico decree, and it continues to have jurisdiction over its custody decree. *See* Utah Code Ann. § 30–3–5, 1953 (Supp.1981); *McLane v. McLane*, 570 P.2d 692 (Utah 1977). There is no evidence to show that Utah has declined to exercise that jurisdiction.

According to the analysis in *Valles v. Brown, supra*, the test of jurisdiction under Section 1738A(f) includes consideration of whether the states can exercise their jurisdiction *under the PKPA*. Applying this test has no effect on the result here. As determined above, Utah has jurisdiction under its own law, fulfilling the requirement of Section 1738A(c)(1). Under Section 1738A(c)(2)(A)(ii), Utah has met the "home state" requirement within six months of June 28, 1980, the date of the commencement of the New Mexico proceeding. The children had lived with their father in Utah for twelve consecutive months from June 1979 to June 15, 1980. The father continues to live in Utah, and the children are absent from Utah only because of their continued retention by the mother.

■■ The "home state" is the state in which, *immediately preceding* the time involved, the children lived with a parent, or a person acting as parent, for at least six *consecutive* months. 28 U.S.C.A. § 1738A(b)(4) (Spec.Pamp.1981). The "time involved" here is the time of the commence-

ment of the present New Mexico proceeding since we are considering questions of jurisdiction exercisable under the PKPA with reference to the New Mexico modification. *See Belosky v. Belosky*, 97 N.M. 365, 640 P.2d 471 (1982). The fact that the children were absent from Utah for thirteen days between June 16 and 28, 1980, does not defeat the home state requirement that the children live in Utah "immediately preceding" the time involved. Their absence from Utah was approved by the father as a "temporary" visit with the mother and is thus considered part of their living in Utah. Section 1738A(b)(4).

We have already determined that Utah has jurisdiction under its own law as required by Section 1738A(c)(1). Since Utah is the home state under Section 1738A(c)(2)(A)(ii), its continuing jurisdiction is exercisable under the PKPA and thus meets the *Valles v. Brown* test. Having met this condition, it is not necessary to look further into New Mexico's jurisdiction under Section 1738A(c) since it would not affect the second requirement under Section 1738A(f). We therefore find that the New Mexico trial court has no subject matter jurisdiction under the PKPA to modify the Utah judgment.

In light of our application of the PKPA in the present case, we find it unnecessary to address the issues raised concerning the sufficiency of the evidence to support the trial court's ruling.

It is clear from the record and the case law that the Utah modification decree is valid since Utah had subject matter jurisdiction, and both parties appeared and fully and finally litigated the case in Utah. It is equally clear that subsequent to the Utah Judgment the PKPA has become effective to preclude the New Mexico courts from modifying the Utah judgment.

■ One of the main purposes of the PKPA is to discourage the type of forum shopping that *both* parties have been guilty of in this case. We do not condone this type of behavior by either party because of the grave effects such actions often have on the lives of young children.

The order changing custody is set aside for lack of subject matter jurisdiction, and the trial court is directed to give full faith and credit to the Utah custody decree. We order both parties to bear their own costs and attorney fees.

IT IS SO ORDERED.

EASLEY, C. J., and FEDERICI, J., concur.

SOSA, Senior Justice, dissenting.

PAYNE, J., not participating.