651 P.2d 1288

**Bobbie M. OLSEN, Petitioner-Appellee,**

v.

**Arnold J. OLSEN, Respondent-Appellant.**

**No. 13927.**

Supreme Court of New Mexico.

Sept. 29, 1982.

Kenneth B. Wilson, Roswell, for respondent-appellant.

Dan B. Buzzard, Clovis, Singleton & Roberts-Hohl, Sarah Singleton, Winston Roberts-Hohl, Santa Fe, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

This appeal follows a New Mexico trial court order which modified a Wyoming court order determining the rights of the father, A. J. Olsen, to visit his minor daughter. We find that under the New Mexico Child Custody Jurisdiction Act, §§ 40–10–1 through 40–10–24, N.M.S.A.1978 (Cum. Supp.1982) (CCJA), the New Mexico court acted with proper authority within its discretion and is hereby affirmed.

The parties were divorced in Wyoming in 1977. The divorce decree provided that the father of the minor child would have summer visitation rights when the child reached the age of six (in 1980). The mother and the child moved to New Mexico in 1976. During the summer of 1980, the child visited the father in Wyoming. At the end of the visitation period, the father filed for change of custody of the child in a Wyoming court and refused to return the child to the mother. The mother went to Wyoming, where the parents had the child examined by numerous doctors; the parties subsequently modified the visitation rights by stipulation. The stipulation was entered in the Wyoming court and has not been altered or amended by that court. The child returned to New Mexico the summer of 1980, where she has remained ever since in the custody of her mother.

In April of 1981, the mother brought an action in New Mexico to further modify the visitation rights of the father. That September, the court modified the Wyoming decree, finding that due to a change in circumstances, it would be detrimental to the child to visit her father outside New Mexico. The father is limited to Quay County, New Mexico, for the first three visits; thereafter, he can visit with the child two to three days at a time but only within New Mexico. The father moved to Oklahoma some time during the New Mexico proceedings.

We address two issues: (I) Whether the New Mexico court had jurisdiction to modify the 1980 Wyoming decree; and (II) If so, whether the trial court erred in finding a change of circumstances which would justify the modification of the Wyoming visita-

tion order based upon the best interests of the child.

## I.

The prior custody proceeding was heard by the Wyoming court in 1980, at which time Wyoming's Uniform Child Custody Jurisdiction Act, Wyo.Stat. §§ 20–5–101 through 20–5–125 (1977) (UCCJA) was effective. Clearly the Wyoming proceeding was controlled by that Act.

The current proceeding was filed in the New Mexico trial court on April 7, 1981; an order was entered by that court on October 18, 1981.

■ We held in *Tufares v. Wright*, 98 N.M. 8, 644 P.2d 522 (1982), that the Parental Kidnapping Prevention Act of 1980, 28 U.S.C.A. § 1738A (Spec.Pamp.1981) (PKPA) applies to pending cases, even though those cases were filed before but decided after the effective date of the PKPA. Similarly, we hold that because this case was filed before but decided after the effective date of the New Mexico CCJA, July 1, 1981, it will be controlled by the provisions of our CCJA, except to the extent that the New Mexico Act does major damage to the federal interests of the PKPA. *Cf. Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). *Huron Cement Co. v. Detroit*, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960). *Cf. Barela v. N.M. Dept. of Human Ser., Etc.*, 94 N.M. 288, 609 P.2d 1244 (Ct.App.) *cert. denied*, 94 N.M. 629, 614 P.2d 546 (1979).

Since this is the first New Mexico case in which we construe and apply the language of our New Mexico CCJA, we rely on New Mexico case law interpreting the PKPA, except to the extent that the state and federal Acts conflict. *See Tufares v. Wright, supra; Belosky v. Belosky*, 97 N.M. 365, 640 P.2d 471 (1982); *State ex rel. Valles v. Brown*, 97 N.M. 327, 639 P.2d 1181 (1982).

■ Section 40–10–15 provides that a New Mexico court may modify a child cus-

tody decree issued in another state only when: (1) it appears that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with the CCJA or has declined to assume jurisdiction to modify the decree; and (2) the district court of New Mexico has jurisdiction.

Accordingly, our first inquiry must be whether the Wyoming court still has jurisdiction over this case. In making this determination, we look to the Wyoming UCCJA, which sets forth jurisdictional prerequisites substantially the same as those found in our New Mexico CCJA. *See* § 40–10–4. This section provides in pertinent part:

A. A district court of New Mexico which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree under the following circumstances if:

(1) New Mexico:

(a) is the home state of the child at the time of commencement of the proceeding; or

(b) had been the child's home state within six months before commencement of the proceeding and the child is absent from New Mexico because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in New Mexico;

(2) it is in the best interest of the child that a district court of New Mexico assume jurisdiction because:

(a) the child and his parents, or the child and at least one contestant, have a significant connection with New Mexico; and

(b) there is available in New Mexico substantial evidence concerning the child's present or future care, protection, training and personal relationships;

(3) the child is physically present in New Mexico and:

(a) the child has been abandoned; or

(b) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or

(4) it appears that:

(a) no other state would have jurisdiction under prerequisites substantially in accordance with Paragraph (1), (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that New Mexico is the more appropriate forum to determine the custody of the child; and

(b) it is in the best interest of the child that the New Mexico district court assume jurisdiction.

■ By definition, under Section 40–10–3(B), a "custody determination" includes visitation rights proceedings. Paragraph (E) of the same section defines "home state" as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent or a person acting as a parent for at least six consecutive months."

■ A review of Wyoming's jurisdiction statute reveals that Wyoming did not, at the time of the New Mexico proceedings, have jurisdiction over this case. None of the four prerequisites was present in Wyoming in 1981. Both the Wyoming and New Mexico statutes require compliance with only one of the four prerequisites to satisfy the jurisdictional requirement. *See* § 40–10–4(A), N.M.S.A.1978 (Cum.Supp.1982); Wyo.Stat. § 20–5–104(a) (1973); *State Ex Rel. Valles v. Brown, supra.* First, Wyoming was not the child's home state; the child had lived in New Mexico for five years. Second, the child had no significant connection with Wyoming at the time of the proceeding; the father was en route to a new residence in Oklahoma. Furthermore, no substantial evidence was presented in the Wyoming proceedings concerning the child's present or future care, protec-

tion, training and personal relationships. Third, the child was not physically present in Wyoming and there had been no abandonment or emergency. Fourth, it appeared affirmatively that a state other than Wyoming, namely, New Mexico, would have jurisdiction over this case and that it would be in the best interest of the child for the New Mexico court to assume jurisdiction. Under its own UCCJA, Wyoming did not have jurisdiction over the case in 1981.

■ Our next inquiry, as required by Section 40–10–15, is to determine whether the New Mexico court had jurisdiction under Section 40–10–4 to modify the Wyoming decree. We conclude that jurisdiction was present in this State under both the "home state" and "significant connection" prerequisites of the statute. Substantial evidence concerning the child's present and future care was tendered at the hearing, as well as evidence pertaining to her training and personal relationships. Additionally, under Subsection (4), it does not appear that any other state had jurisdiction at that time. We conclude that the New Mexico trial court acted with sufficient authority.

II.

We next address whether the trial court was correct in finding a change of circumstances which justified modification of the previous order, based on the best interests of the child.

■ In making this determination, we bear in mind that the best interest of the child is the principal consideration on determining a child's custody, as well as in effecting a change in custody. *Schuermann v. Schuermann,* 94 N.M. 81, 607 P.2d 619 (1980). A change in custody is permissible only upon a showing of a change of circumstances. *Specter v. Specter,* 85 N.M. 112, 509 P.2d 879 (1973). This standard is equally applicable where visitation rights are involved. *Kerley v. Kerley,* 69 N.M. 291, 366 P.2d 141 (1961).

■ In this case, the trial court found, based on the evidence presented, that the

child had been normal and healthy prior to her visitation with her father in 1980; that her visit with him caused severe emotional problems for her; that she has since exhibited various emotional and physical difficulties when presented with the possibility of visiting with her father; and that she did not, at the time of the proceeding, desire to live with or visit him for an extended period of time. The court further found that another visit to her father's home at the time of the proceeding would cause additional emotional and psychological problems for the child and would not be in her best interests. Finally, the court found that the 1980 visit, the father's retention of the child after the allotted time, as well as her present relationship with and view of her father, all constituted a substantial change in circumstances.

The trial court is vested with great discretion in awarding the custody and visitation of young children, and this Court cannot reverse such a decision unless the court's conclusion about the best interests of the child is a manifest abuse of discretion under the evidence in the case. *Kotrola v. Kotrola*, 79 N.M. 258, 442 P.2d 570 (1968). The determination by the trial judge who saw the parties, observed their demeanor and heard the testimony is entitled to great weight, as is the judge's conclusion after his private conference with the young child. We are satisfied, after an examination of the record, that the court could reasonably have found and concluded as it did, having in mind the best interest of the child. The record discloses substantial support for the court's findings. We find nothing which convinces us of an abuse of discretion under the evidence in this case.

■ If there is any possibility of visitation problems, the visitation rights in a decree should spell out the times, places and circumstances of visitation. *Lopez v. Lopez,* 97 N.M. 332, 639 P.2d 1186 (1981). As we said in *Lopez,* only when visitation by the noncustodial parent "interferes with the child's emotional well-being or significantly disrupts the child's day to day environment, should it be limited." *Id.* at 335, 639 P.2d at 1189. Emotional interference was proven to the trial court's satisfaction in this case. Although the change in visitation does not afford the father much flexibility for the next three visits, we conclude that the order granting the change in visitation was without error. The harshness of this order is softened somewhat by the fact that it is subject to modification as the child progresses in age and develops a relationship of trust during these more limited visitation periods. The trial court is hereby affirmed.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE, J., concur.

RIORDAN, J., dissents.