442 So.2d 1094 (1983)
Elizabeth L. NUSSBAUMER, Appellant,
v.
John J. NUSSBAUMER, Appellee.
No. 83-888.
District Court of Appeal of Florida, Fifth District.
December 21, 1983.
*1095 Christopher J. Smith of Williams & Smith, Tavares, for appellant.
No appearance for appellee.
COWART, Judge.
This case involves the question of the scope of a Florida court's jurisdiction to modify a child custody decree of a foreign state.
The parties to this action have been separated since May of 1980. At that time, the appellant-mother moved from New Jersey to Pennsylvania where she and the three minor children of the parties lived *1096 until July of 1982. In October of 1981 the mother filed for divorce in Pennsylvania and asked for custody of the three children but there was no valid service of process in the case. In January of 1982 the father moved from New Jersey to Florida. In July of 1982 the father traveled to Pennsylvania and removed the children from Pennsylvania to Florida. On November 3, 1982, the mother filed a habeas corpus petition for custody in the pending Pennsylvania dissolution action. The Pennsylvania court accepted jurisdiction of the cause pursuant to the Pennsylvania version of the Uniform Child Custody Jurisdiction Act.[1] On November 30, 1982, the mother petitioned the Pennsylvania court for service of process by publication on the father in the habeas corpus proceeding alleging that she had unsuccessfully attempted to serve the father by certified mail and that she did not know the father's whereabouts.[2] On December 3, 1982, the Pennsylvania court entered an order allowing service by publication. Service of process by publication was made.[3] On December 29, 1982, the Pennsylvania court entered an order finding that Pennsylvania had jurisdiction and granting custody of the three minor children to the mother. On January 10, 1983, the mother filed, in the circuit court for Lake County, a petition to enforce the custody judgment of the Pennsylvania court. At a hearing on the mother's petition the father argued that the children, while in the mother's custody, had been neglected and subjected to mistreatment and abuse. The trial court held a hearing on the father's allegations and, after hearing the evidence, assumed jurisdiction to grant permanent custody to the father. We reverse.
The trial court found that it had jurisdiction under section 61.1308(1)(c)2., Florida Statutes (1981), which states:
A court of this state which is competent to decide child custody matters has jurisdiction *1097 to make a child custody determination by initial or modification decree if ... it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected... .
This finding of emergency jurisdiction under the Uniform Child Custody Jurisdiction Act was based on testimony from the father and his relatives that the children, while in the mother's custody, had appeared neglected, i.e., they appeared thin, their clothes were dirty and they suffered from ringworm or impetigo. We recognize the trial court's concern for the best interests of the minor children but hold that the trial court erred in assuming jurisdiction to make a permanent change of custody. The emergency jurisdiction provision of the Uniform Child Custody Jurisdiction Act is not designed to confer jurisdiction to make a permanent custody decree based upon allegations that a child would be subject to mistreatment or abuse if returned to the custody of the other parent.[4]Nelson v. Nelson, 433 So.2d 1015 (Fla. 3d DCA 1983).
Where a Florida court is presented with substantial evidence of imminent physical or emotional danger to the child upon the child's return to the custodial parent, it is, under the doctrine of parens patriae, empowered to issue a temporary protective order which will preserve the status quo for such limited time as is required to permit the petitioner to apply for a change of permanent custody to the state which has jurisdiction over such a petition under the provisions of the Uniform Child Custody Jurisdiction Act.
Id. at 1019.
Furthermore, section 61.133, Florida Statutes (1981), states that:
If a court of another state has made a custody decree, a court of this state shall not modify that decree unless: (a) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and (b) the court of this state has jurisdiction.[5]
At the time the father's petition was filed, the children had been living with the father in Florida for over six months. Therefore, Florida could be considered the "home state" of the children.[6] Nonetheless, the Pennsylvania court had jurisdiction to modify its previous custody order under the Pennsylvania counterpart of section 61.1308(1)(b), Florida Statutes (1981). That section of the Uniform Child Custody Jurisdiction Act confers jurisdiction on a court where it is in the best interest of the child that the court assume jurisdiction because the child and his parents or the child and at least one contestant have a significant connection with the state and there is available in the state substantial evidence concerning the child's present or future care, protection, training and personal relationships. It is not required that the child be physically present in the state.[7] Since the child had resided in Pennsylvania with their mother for over two years prior to being removed to Florida by the father and the mother continued to reside in Pennsylvania the Pennsylvania court had subject *1098 matter jurisdiction based on the children's significant connections with Pennsylvania and the presence in Pennsylvania of substantial evidence concerning the children's present or future care, protection, training and personal relationships. In fact, at the hearing in Florida, two of the father's witnesses came from New Jersey to testify and two came from Pennsylvania. There is nothing in the record to show that Pennsylvania would not have jurisdiction or would have declined to assume jurisdiction to modify its previous custody order. Under these circumstances, section 61.133, Florida Statutes (1981), applies and mandates that a Florida court shall not make a permanent change in the custody established by the decree of another state.[8] This interpretation of the statute is consistent with the purposes of the Uniform Child Custody Jurisdiction Act.[9]
In conclusion, the trial court should have recognized the Pennsylvania custody decree and should have refused the father's petition for a permanent change of custody. On remand, the trial court, if it is satisfied that it is necessary in the best interest of the children, may issue a temporary order maintaining custody in the father for a period of time no longer than is reasonably necessary to allow the father to present his allegations of neglect and mistreatment of the children by the mother to the proper Pennsylvania court.
REVERSED and REMANDED for proceedings consistent with this opinion.
ORFINGER, C.J., and COBB, J., concur.
NOTES
[1] 42 Pa. C.S.A. §§ 5341 and 5366. See also §§ 61.1302-61.1348, Fla. Stat. (1981); 9 U.L.A. Uniform Child Custody Jurisdiction Act.
[2] In in rem or quasi-in rem actions service of process by publication on missing or unknown persons may be all the notice and opportunity to be heard that the situation permits and creates no constitutional bar to a final decree foreclosing the rights of the person served by publication. Schroeder v. New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962); Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). See also § 61.1312(1)(d), Fla. Stat. (1981), permitting service of process by publication in child custody matters where other means of notification are ineffective.
[3] We have considered whether a Florida court must recognize the jurisdiction of the Pennsylvania court to make a custody decree where the foreign court lacks personal jurisdiction over the father and the children were not physically present in the foreign state. We find that recognition is required by section 61.1328, Florida Statutes (1981). This recognition is consistent with principles of comity, Beckwith v. Bailey, 119 Fla. 316, 161 So. 576 (1935), and the full faith and credit clause of the United States Constitution. May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). See also 28 U.S.C. § 1738A, The Parental Kidnapping Prevention Act of 1980 enacted pursuant to Art. IV, § 1, United States Constitution. This act, if constitutional, requires that states give full faith and credit to custody decrees of other states entered in accordance with the requirements of the act and has been held to pre-empt state law. See, e.g., Flannery v. Stephenson, 416 So.2d 1034 (Ala. Civ. App. 1982); Diane W. v. Norman W., 446 N.Y.S.2d 174, 112 Misc.2d 114 (1982); Tufares v. Wright, 644 P.2d 522, 98 N.M. 8 (1982); State ex rel. Valles v. Brown, 639 P.2d 1181, 97 N.M. 327 (1981). For an excellent discussion of constitutional jurisdictional requirements as they relate to the Uniform Child Custody Jurisdiction Act see In re Marriage of Leonard, 175 Cal. Rptr. 903, 122 Cal. App.3d 443 (1981). For a general discussion of the theories of jurisdiction to award custody of a child having a legal domicile outside the forum state see 4 A.L.R.2d 7. For a discussion of the theories of jurisdiction to award custody of a child domiciled in the forum state but physically outside of it see 9 A.L.R.2d 434. For a discussion of the extraterritorial effect of a valid award of custody in absence of a substantial change in circumstances see 35 A.L.R.3d 520. For related annotations and a discussion of the Uniform Child Custody Jurisdiction Act see 96 A.L.R.3d 968. Generally, see, Uniform Child Custody Jurisdiction Act 6 Fla. State L.Rev. 409 (1978); Frumkes and Elser, Uniform Child Custody Jurisdiction: Florida Experience, 53 Fla.Bar Journal 684 (1979); Cain, Jurisdiction under the Uniform Child Custody Jurisdiction Act: Where does it begin  Where does it end?, The Family Law Commentator, The Florida Bar, section of Family Law, September, 1983.
[4] Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980), held that the trial court did not have jurisdiction under the allegations in the pleadings. While Hegler suggested that the trial court might have emergency jurisdiction under § 61.1308(c), Florida Statutes (1977), Hegler did not hold that this emergency jurisdiction would include jurisdiction to make a permanent change of custody. Indeed, Hegler recognized that the unfavorable circumstances of the children's Maryland home was "a matter which could be much more appropriately addressed in Maryland." 383 So.2d at 1137.
[5] The use of the term "modify" to denote a custody decree which supersedes a decree previously entered by another state is incorrect. Although the effect is to modify the custody arrangement between the parties, a court of one state has no power to modify the decree entered by a court of another state. See Lopez v. Avery, 66 So.2d 689, 693-694 (Fla. 1953); Helmick v. Helmick, 436 So.2d 1122 (Fla. 5th DCA 1983) (concurring opinion page 1127).
[6] § 61.1306(5), Fla. Stat. (1981).
[7] § 61.1308(3), Fla. Stat. (1981).
[8] See also 28 U.S.C. § 1738A(f) which prohibits a court of a state from modifying the custody determination of another state's court where the other state has continuing jurisdiction under subsection (d) and the other state has not declined to exercise that jurisdiction.
[9] See 9 U.L.A. Uniform Child Custody Jurisdiction Act § 14 and commissioner's note. "For example, if custody was awarded to the father in state one where he continued to live with the children for two years and thereafter his wife kept the children in state two for six and a half months (three and a half months beyond her visitation privileges) with or without permission of the husband, state one has preferred jurisdiction to modify the decree despite the fact that state two has in the meantime become the "home state" of the child." Id.