STATE OF MAINE                         SUPERIOR COURT
                                       CIVIL ACTION
KENNEBEC, ss.                          DOCKET NO. AP-00-36
                                       SKS-KEN- 1/12/2001


JAMES L. BROWN, III,

          Petitioner

     v.                                DECISION ON APPEAL

STATE OF MAINE,
DEPARTMENT OF
HUMAN SERVICES,

          Respondent


     This matter comes before the court on a petition requesting judicial review of

final agency action pursuant to M.R. Civ. P. 80C. The court has reviewed the record

and written and oral arguments of the parties. Concluding that the respondent

Department of Human Services (Department) has given the statute in question too

constricted an interpretation, the petition will be granted[1].

                                   Background

     Petitioner James Brown was divorced from Deborah Ann Brown on March

27, 1991. Brown was ordered to pay $163 per week for the support of his three minor

children and maintain health insurance coverage. Mrs. Brown was to be

responsible for the first $150 of uninsured medical and expenses each year, with the

---

[1] The decision of the Administrative Hearing Officer does not specifically
refer to the statute in question. The reference to the "Department" here is to the
Division of Support Enforcement and Recovery, which initiated the claim on
behalf of Mr. Brown's ex-wife.

1

parties to split those expenses in excess of $150, 67% for the petitioner and 33% for his former wife. On September 21, 1993, a court order resulted in a change of primary physical residence of one of the children to be with the petitioner and the petitioner's obligation was reduced to $97 per week for the two children remaining with their mother. Sometime in 1994, Brown became disabled and, after a lengthy delay, he was granted Social Security disability benefits. Because of the delay, Brown received retroactive benefits to the date of the filing for disability and the former Mrs. Brown and all three of the children also received dependent benefits directly from the Social Security Administration. The benefits received by Mrs. Brown and the two children residing with her exceeded the child support arrears that had accumulated during the time of Brown's disability (1994-1998). During this period, the former Mrs. Brown had paid all the medical treatment expenses for the three minor children. She now seeks, among other things, establishment of an arrearage for medical treatment expenses during that period. After hearing, the Department refused to allow Brown to credit against his accrued medical debt the excess retroactive Social Security benefits paid to his children. Brown has filed this timely appeal of that decision.

## Discussion

The key to the appeal lies in interpretation of 19-A M.R.S.A. § 2107, titled "Credit for Dependent Benefits." That statute reads, in pertinent part:

> If a child receives dependent benefits as a result of the obligor parent's disability, any tribunal establishing, reviewing or modifying the child support obligation or debt shall give the obligor parent credit for the dependent benefits paid to the child. . . . The tribunal shall make the

2

following findings: (c) that the obligor must receive credit against the established obligation for the benefits received. Credit may not exceed the amount of the current obligation for the period for which the benefits are paid. Credit may not be given toward a past or future obligation for dependent benefits that exceed the current obligation.

Despite the apparent applicability of this provision, the Department Administrative Hearing Officer wrote:

> I can find neither promulgated policy, statute, nor case law that grants me the authority to apply retroactive Social Security benefits paid on behalf of these children through Mr. Brown's disability claim, those amounts in excess of the child support owed for the period of retroactivity, to any medical expenses Mr. Brown owes for that period.

By implication, the hearing officer determined that the credit provisions of section 2107 did not apply.

In arguing that the hearing officer was correct, the Department points to two cases from other jurisdictions, *Smith v. Smith*, 651 P.2d 1290 (Az. App. 1982) and *Hinckley v. Hinckley*, 812 P.2d 907 (Wyo. 1991). However, these cases are not helpful. In *Smith*, the parties attempted to create an offset for Social Security benefits through modification of the divorce judgment, but failed to amend an important part of that judgment. In *Hinckley*, the court declined to adopt through its decision a rule that would have allowed the Social Security benefits to be applied against unpaid medical expenses of minor children in the absence of an amendment to the support order through the courts. Here in Maine, the legislative enactment of section 2107 obviates the concerns of the Arizona and Wyoming courts by providing that benefit payments such as Social Security dependent benefits shall be credited without the need to amend the underlying order of support. In other words, the

3

support order does not have to change every time the obligor parent begins receiving such benefits, ends such benefits, or has a change in such benefits. There is continuity in what the obligee of the support order receives, with the only change being accounting for the benefits.

The hearing officer's decision in somewhat ambiguous in that it simply says that there is no statutory basis for the credit Brown seeks, without explaining why section 2107 does not apply. However, it would seem that this decision must be based on a reading that the medical expenses in question are not part of a "child support obligation or debt" as that term is used in the statute. There is no specific statutory definition for the term, but the Department argues that "child support obligation" must mean it is limited to the basic support entitlement portion of the calculations under the statuory guidlines used to arrive at a child support order, rather than the total support obligation.. (19-A M.R.S.A. § 2001(1) & (10)). The court is persuaded that the term is more generic in application; more akin to the definition of "support obligations" set forth in 19-A M.R.S.A. § 2103(1)(B). Under the latter statute, which sets forth the Department's duty to enforce "support obligations," that term is defined as "the amount due to an obligee for support under an order of support . . .". If the Department interprets its support enforcement obligations to include all aspects of an order of support (and this would be a correct interpretation), it offers no persuasive explanation why the term "child support obligation" in section 2107 should be given any less expansive interpretation.

4

The more expansive interpretation of "child support obligation" not only harmonizes the statutory provisions, but also is consistent with the purpose of the Social Security disability dependents benefit. It does not require extensive legislative history to conclude that the federal government's purpose in providing these benefits is to assist a disabled individual in supporting himself and in meeting his obligation to support his dependents while he is disabled. To the extent that credits are not allowed for disabled persons who have been meeting their obligations by paying money to someone else who is caring for the children, the beneficial effect to this disabled person is reduced and the recipient of the funds gains a windfall.

It should be noted that credit for medical expenses under section 2107 would be subject to the same limitations as credits for basic support, child care, or any other component of the total support obligation as set forth in the order of support. In other words, the credit could not extend back or carry forward, but would have to be applied on a dollar-for-dollar basis only for those expenses which accrued during the current period for which the disability dependent support benefit is paid. This also is consistent with the overall statutory plan. A total child support obligation is determined using the statutory guidelines and other factors and is set forth in an order of support. If the obligor becomes disabled and Social Security or other providers give a dependent support component to disability benefits, the disabled parent receives relief through the mechanism of a credit against the support obligation, without the need to have a new support order entered, during the period that the dependent benefits are paid. The obligee under the order of support is

never harmed and can only benefit from these payments. If the credit is less than the support obligation, the obligor is still required to make up the difference. If the benefit payments exceed the payments required under the order of support in any given payment period, the obligee is entitled to retain that excess without any reduction to any arrearage or future payments.

Since the court concludes that the Department made an error of law in failing to apply the credit provided in section 2107, it will be necessary for Mr. Brown's remaining obligation to be recomputed giving appropriate credit for each payment period for the time the payments were received.

The entry will be:

> The petition on appeal is GRANTED. This matter is REMANDED to the Department of Human Services for further proceedings consistent with this Opinion.

Dated: January 12, 2001

_____
S. Kirk Studstrup
Justice, Superior Court

6

Date Filed __6/2/00__     __Kennebec__     Docket No. __AP00-36__

                              County

Action __Petition for review__

**J. STUDSTRUP**

| James L Brown III | vs. | State, Dept of Human Services |
|---|---|---|
| Plaintiff's Attorney | | Defendant's Attorney |
| James L Brown III Pro Se<br>576 Riverside Dr Apt 16<br>Augusta Me 04330 | | Raymond E Ritchie AAG 6/7/00<br>6 State House Sta<br>Augusta Me 04333 |

| Date of Entry | |
|---|---|
| 6/2/00 | Petition for review of final agency action filed. s/Brown III Pro Se |
| 6/7/00 | Letter entering appearance filed. s/Ritchie AAG |
| 6/26/00 | Notice of briefing schedule sent to atty and Pltf. |
| 8/1/00 | Reply Brief of Appellant on Appeal from Department of Human Services, filed. s/Brown. |
| 8/31/00 | Respondent's Brief, filed. s/Ritchie, AAG |
| 9/11/00 | Appellant's Reply Brief, filed. s/Brown. |
| 11/2/00 | Hearing had with Hon. Justice Kirk Studstrup, presiding.<br>James Brown, Pro Se and Raymond Ritchie, AAG for the State.<br>Oral arguments made to the court.<br>Court to take matter under advisement.<br>Court to issue Order. |
| 1/12/01 | DECISION ON APPEAL, Studstrup, J.<br>The petition on appeal is GRANTED. This matter is REMANDED to the Department of Human Services for further proceedings consistent with this Opinion.<br>Copies mailed to atty and Pltf.<br>Copies mailed to Deborah Firestone, Garbrect Library and Goss. |
| 1/16/01 | Notice of removal of record mailed. |