This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42022**

**LESLIE O'DELL**
**n/k/a LESLIE ORTEGA,**

Petitioner-Appellee,

v.

**PATRICK O'DELL,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Court Judge**

Leslie Ortega
Albuquerque, NM

Pro Se Appellee

Stephen P. Eaton
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** Respondent Patrick O'Dell (Father) appeals from the district court's order denying his motion to remove the parenting coordinator and his motion to enforce the parenting plan. We issued a calendar notice proposing to affirm. Father has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In Father's memorandum in opposition, he continues to assert that the district court erred when it denied his motion to remove the parenting coordinator. [MIO 2] We proposed to affirm on the grounds that Father did not demonstrate how the parenting

coordinator had acted outside his authority or how his actions were not in the best interest of the two children. [CN 3] Father asserts that because the district court determined that Father and his daughter had been reintegrated, "no further reintegration was necessary" and as such, "the parenting coordinator was no longer necessary for the assigned task of 'reintegration.'" [MIO 2] However, Father has not disputed any of the facts or law upon which our proposed analysis relied. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). As our calendar notice stated, the district court's purpose for appointing a parenting coordinator was to assist the "reintegration of the [m]inor [c]hildren with both Mother and Father, parenting coordination, custody, timesharing and any other parenting issues raised by either parent." [2 RP 484, ¶ C] Although reintegration may have occurred between Father and his daughter, the purpose of the parenting coordinator extends beyond that one role, and Father has not shown that the district court erred in keeping the parenting coordinator to further assist Mother and Father in their relationship with the children. Furthermore, Father has not provided any new facts, argument, or authority to demonstrate that the district court's denial of Father's motion was not in the best interest of the children. *Olsen v. Olsen*, 1982-NMSC-112, ¶ 17, 98 N.M. 644, 651 P.2d 1288 ("The [district] court is vested with great discretion in awarding the custody and visitation of young children, and this Court cannot reverse such a decision unless the court's conclusion about the best interests of the child is a manifest abuse of discretion under the evidence in the case."). Accordingly, we conclude that the district court did not abuse its discretion by denying Father's motion to remove the parenting coordinator.

{3}     Father also continues to argue that the district court abused its discretion when it denied his motion to enforce its visitation orders and required Father to attend counseling. [MIO 3] We proposed to affirm on the basis that Father had not demonstrated how the denial of his motion was not in the best interest of the children. [CN 5] We also stated that Father did not provide details regarding the hearing on his motion, the facts presented at that hearing, or how those facts were improperly applied to the law. [CN 5] In his memorandum in opposition, Father has not provided this Court with any new facts, argument, or authority to persuade us that our proposed calendar notice was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. Accordingly, we propose to conclude that the district court did not abuse its discretion in denying Father's motion to enforce its visitation orders. *See Olsen*, 1982-NMSC-112, ¶ 17.

{4}     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order denying Father's motions to remove the parenting coordinator and to enforce the parenting plan.

{5}     IT IS SO ORDERED.

JENNIFER L. ATTREP, Chief Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

ZACHARY A. IVES, Judge