OPINION OF THE COURT
Wilmer J. Patlow, J.
Petitioner applies to the court for an order pursuant to *144 section 75-d of the Domestic Relations Law determining that New York State has jurisdiction to hear this custody application and for a further order pursuant to section 240 of the Domestic Relations Law granting petitioner sole custody of the infant Tori Ann Marie Plouffe.
Respondent cross-moves to dismiss the petition for lack of jurisdiction.
The infant was born in San Antonio, Texas on January 4, 1990.
Respondent mother, who is not married to petitioner, listed no father on the birth certificate. Although respondent now states she believes petitioner is the father, she has not executed a certificate of paternity and there has been no paternity adjudication.
Early in February 1990 the infant suffered an apnea episode and was hospitalized briefly. Her breathing was thereafter monitored at home.
On February 9, 1990 respondent permitted petitioner and his mother to remove the infant from Texas to New York. From the context of respondent’s letter attached to petitioner’s moving papers, it could easily be inferred that she voluntarily released the infant only for purposes of a visit with petitioner’s family.
On March 11, 1990 petitioner was served with a writ of habeas corpus issued March 2, 1990 by the District Court, 73rd Judicial District, Bexar County, Texas and directing that the infant be brought before the court on March 21,1990.
Upon being served with the Texas writ but prior to the return date thereof, petitioner applied to the New York State Supreme Court, Monroe County, for an order to show cause with temporary restraining order prohibiting the removal of the infant from New York State. The order to show cause with temporary restraining order was granted March 16, 1990, required personal service on respondent by March 23, 1990 and was returnable March 28, 1990.
On March 21, 1990 respondent appeared in person and by her attorney in the Texas District Court. She was served that same day with the New York order to show cause and temporary restraining order.
Petitioner’s attorney appeared on March 21, 1990 in the Texas court solely for the purpose of contesting jurisdiction.
The Texas court found that Texas had jurisdiction pursuant *145 to subdivision (a) (1) (B) of section 11.53 of the Texas Family Code, that petitioner had been personally served, and that "[t]here was no stay order from any other state”. The Texas court adjudged petitioner in contempt but granted him until March 26, 1990 to appear and produce the infant.
On March 26, 1990 petitioner appeared in Texas with the infant. The court reaffirmed its jurisdiction with a finding that Texas was the infant’s home State and returned the infant to respondent. Since that date, the infant has continued to reside in Texas with her mother.
The Texas proceedings are now concluded. Neither petitioner nor respondent has made an application in Texas for permanent custody and no custody hearing is presently contemplated by the Texas courts.
For purposes of the instant proceeding, petitioner takes the position that jurisdiction is found under paragraphs (a), (b) and (c) of section 75-d (1) of the Domestic Relations Law and that section 75-g of the Domestic Relations Law ("Simultaneous proceedings in other states”) is not applicable here.
Respondent contends that there is no jurisdictional basis in section 75-d of the Domestic Relations Law and that the Texas courts must be deferred to under section 75-n of the Domestic Relations Law ("Recognition of out-of-state custody decrees”). According to respondent, even if New York does have jurisdiction, this court should decline to exercise it pursuant to section 75-h of the Domestic Relations Law ("Inconvenient forum”) or section 75-i of the Domestic Relations Law ("Jurisdiction declined because of conduct”).
The court is aware that to the extent New York’s Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) might be in conflict with the Parental Kidnaping Prevention Act (28 USC § 1738A), the Federal statute would prevail (Mancusi v Mancusi, 136 Misc 2d 898, 901-902; Walsh v Walsh, 117 Misc 2d 815, 818).
For this reason, the court takes as its starting point the following portions of the Parental Kidnaping Prevention Act:
"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met:
"(A) such State (i) is the home State of the child on the date *146 of commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
"(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; [or]
"(C) the child is physically present in such State and * * * (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse” (28 USC § 1738A [c]).
The Parental Kidnaping Prevention Act defines "home State” as: "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons. Periods of temporary absence of any of such persons are counted as part of the six-month or other period” (28 USC § 1738A [b] [4]).
As outlined above, the Parental Kidnaping Prevention Act requires not only that the State jurisdictional requirements be met, but also that one of several conditions set forth in 28 USC § 1738A (c) (2) be present in order to render a custody determination consistent with the statute.
The first alternative condition is that the State be the "home State”, as defined by the Federal statute, at the commencement of the proceeding or within six months prior if the child has been removed by one contestant and the other contestant continues to reside in the home State.
In the case at bar, the court concludes that on March 16, 1990, when the New York State Supreme Court issued its order to show cause and temporary restraining order, not New York but Texas was the home State of the infant Tori Ann Marie Plouffe under the Federal statute.
*147 The court finds that at that time the infant had resided since birth with her mother in Texas, notwithstanding her temporary absence.
Under the terms of the Federal definition as interpreted by the New York courts, temporary absences for visitation are not included in the term of residence (see, e.g., Matter of Patricia R. v Andrew W., 121 Misc 2d 103,107-108).
Thus, the period from February 9, 1990 onward would not be deducted from the period of Texas residence because nowhere in the proof submitted by petitioner is there any evidence that respondent consented to a permanent change of residence to New York or to a permanent change in physical custody to the reputed father.
The second alternative condition requires at the outset that no other State would satisfy the first alternative condition. The court has concluded, however, that Texas satisfies the first alternative condition and therefore the second alternative condition is unavailable to petitioner here.
The third alternative condition permits the court to exercise jurisdiction in an emergency over an abused or mistreated child physically present in the State. This court concludes that neither the medical evidence nor any other evidence proffered by petitioner is sufficient to raise a question of fact concerning abuse or mistreatment by respondent. Consequently, the third alternative condition is inapplicable here.
Finally, the court notes that the Parental Kidnaping Prevention Act delineates fourth and fifth alternative conditions, neither of which the court has set out at length but both of which the court has nevertheless considered and rejected as jurisdictional bases (28 USC § 1738A [c] [2] [D], [E]).
Inasmuch as petitioner has been unable to satisfy any 1 of the 5 alternative conditions set forth in the Federal statute which preempts State law, the court deems it unnecessary at this point to examine the question of whether petitioner attained jurisdiction under New York State law at the commencement of this proceeding.
There is an additional basis for this court’s conclusion that assuming jurisdiction would run contrary to the provisions of the Parental Kidnaping Prevention Act.
The Federal statute provides: "(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other *148 State is exercising jurisdiction consistently with the provisions of this section to make a custody determination” (28 USC § 1738A [g]).
There is no doubt that the Texas habeas corpus proceeding, pending at the time this application was commenced, was initiated in conformity with the Parental Kidnaping Prevention Act.
On March 2, 1990, when the Texas court issued the writ of habeas corpus, Texas was no less the home State of the infant under the Federal statute than it was on March 16, 1990 when the New York proceeding was commenced. Thus, the first alternative condition of paragraph (2) of section 1738A (c) was met.
Likewise on that date Texas had jurisdiction under its own statute (Texas Family Code § 11.53) which parallels the Federal statute even more closely than New York’s statute, even as to the definition of "home state” (compare, Domestic Relations Law § 75-c [5], with Texas Family Code § 11.52 [5]).
The court notes that the Parental Kidnaping Prevention Act also explicitly provides as follows: "(e) Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child” (28 USC § 1738A [e]).
Nothing in this provision nor in its Texas parallel (Texas Family Code § 11.54) has been contravened by the Texas habeas corpus proceeding. Petitioner here, who was duly notified of the Texas proceeding, at no time interposed a defense other than jurisdictional and has never been precluded from pursuing his custody claim in Texas.
Thus, not only does New York lack jurisdiction over this matter, it also is required to defer to Texas, which does.
In accordance with all of the above petitioner’s motion is denied in all respects and respondent’s cross motion is granted to the extent that the petition is hereby dismissed for lack of jurisdiction.
Respondent’s application for attorney’s fees is hereby denied.