[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The matter before the Court is the motion of Jeffrey Kane (hereinafter "Defendant") to dismiss the criminal information charging him with one count of childsnatching in violation of R.I.G.L. 1956 (1981 Reenactment) § 11-26-1.1. Defendant argues that this Superior Court lacks subject matter jurisdiction as the aforementioned crime has not occurred within this state's territorial borders.
The facts are as follow. Pursuant to Rhode Island Family Court "Consent Order," No. 89-1595, dated May 12, 1989, the defendant and his wife, Denise Palermo, received joint custody of their minor child, Jeffrey Kane. Specifically, physical custody of the child was with the mother from Sunday at noon through Wednesday to 3:00 p.m.; custody was with the father from 3:00 p.m. Wednesday through Sunday at noon. On Sunday, November 20, 1991, the defendant refused to return Jeffrey to his mother in violation of this court order. Defendant's refusal occurred in Lawrence, Massachusetts where Jeffrey was staying with his father. The defendant was ultimately arrested in Texas where the father and son at some time fled after the defendant refused to return Jeffrey to his mother on November 20, 1991.
The Rhode Island childsnatching statute Section 11-26-1.1
reads in pertinent part as follows:
 11-26-1.1. Childsnatching. — Any person who intentionally removes, causes the removal of, or detains any child under the age of eighteen (18) years whether within or without the state of Rhode Island with intent to deny another person's right of custody under an existing decree or order of Rhode Island family court shall be guilty of a felony, and upon conviction thereof shall be punished by imprisonment for a term not more than two (2) years or a fine of not more than ten thousand dollars ($10,000) or both. . . ."
The statute specifically provides that the occurrence of the crime may take place ". . . without the state of Rhode Island" and can only occur in violation of an ". . . existing decree or order of the Rhode Island family court. . . ." Accordingly, if the Family Court properly had and chose to exercise its jurisdiction in rendering such order, thus creating a valid, binding order, (as is involved in the case at bar) a person who intentionally detains and ultimately removes the child ". . . without the state of Rhode Island with intent to deny the other person's right of custody" under such an order may be convicted of childsnatching.
R.I.G.L. 1956 (1985 Reenactment) § 8-10-3, as amended by P.L. 1988 Ch. 84 § 7, vests the Family Court with authority to handle matters pertaining to child custody. In handling these child custody matters, the Family Court is further governed by R.I.G.L. 1956 (1988 Reenactment) § 15-14-1, et. seq., a chapter cited, pursuant to § 15-14-1 as the "Uniform Child Custody Jurisdiction Act." Although pursuant to § 8-10-3 and § 15-14-1, et. seq., the Family Court possesses jurisdiction over child custody matters (e.g. rendering, modifying, and/or enforcing such orders), the Legislature has chosen to define childsnatching as an act that occurs after the Family Court has issued a valid decree or order. The Legislature has further classified this act of childsnatching as a felony, a crime of which the Superior Court has subject matter jurisdiction. In the case at bar, the Superior Court is not attempting to award custody or modify a custody order, areas over which the Family Court clearly retains jurisdiction; rather the Superior Court is exercising its subject matter jurisdiction over the criminal act of childsnatching which occurs after a custody order has issued.
The Legislative intent evinced in § 11-26-1.1 is clear and one which comports with federal legislation concerning child custody matters. Our Rhode Island Legislature enacted the "Uniform Child Custody Jurisdiction Act" in January 1978. This act focuses on the Family Court's exercising or declining to exercise jurisdiction over child custody matters with the goal of ". . . minimizing jurisdictional competition and conflicts so that custody decisions are rendered in the state best able to protect the welfare of the child." Paolino v. Paolino,420 A.2d 830, 835 (R.I. 1980). Section 15-14-14 of the Act, entitled "Recognition of out-of-state custody decrees," specifically mandates this state's recognition of a "valid" sister state's custody decree and thus further evidences the strong public policy to prevent forum shopping and to deter parental childsnatching. Under the Uniform Child Custody Jurisdiction Act, ". . . the conferral of modification jurisdiction over the state of rendition removes the legal incentives for parental abduction." Jeanne Pettenati, The Effect of the ParentalKidnapping Prevention Act of 1980 on Childsnatching, 17 New Eng. L. Rev. 499, 521 (1981-2).
More specific federal legislation with respect to childsnatching was passed in the form of the Parental Kidnapping Prevention Act of 1980, codified as 28 U.S.C.A. § 1783 A (hereinafter PKPA). Section 1783(A) (a) entitled, "Full faith and credit given to child custody determinations," essentially provides that a state should give full faith and credit to a custody order of a sister state provided that the rendering court properly had and exercised its jurisdiction pursuant to the laws of its state and in satisfaction of one of four conditions delineated in the federal law. The underlying policy of the PKPA is to "prevent" harm to children caused by childsnatching by requiring states to give full faith and credit to sister state's issuance of a "valid" custody order. The PKPA, as does the Uniform Child Custody Jurisdiction Act, pertains to the Family Court's exercise of jurisdiction over custody matters. So strong is the public policy of deterring parental abductions, that the PKPA pursuant to the Supremacy Clause preempts state law which is in conflict with its provisions. Plouffe v. Salas, 560 N.Y.S.2d 99 (Supp. 1990) (New York 1990); Murphy v. Woerner, 748 P.2d 749
(Alaska 1988).
However, at this time, there is still no federal criminalization of childsnatching after a custody order is in effect, an area over which the states have been free to legislate. Accordingly, our legislature has acted with respect to the crime of childsnatching by its enactment of § 11-26-1.1. Childsnatching in violation of a valid Family Court order when defined as a criminal act is clearly outside the scope of a Family Court's jurisdiction. Accordingly, the defendant's argument that the matter at bar is properly within the Family Court's jurisdiction is without merit.
The defendant's additional and peripheral argument that the criminal act of childsnatching by taking place outside of Rhode Island divests the Rhode Island Superior Court of jurisdiction is also without merit. Childsnatching, as defined in § 11-26-1.1, is a crime, the very essence of which involves flight or retention outside or within the state's territorial borders. Although the criminal act of retention may take place outside the state's border, the crime can never occur absent a valid custody order properly rendered from within the state's territorial borders. Accordingly, defendant's reliance on State v. Halstead,414 A.2d 1138 (R.I. 1980), involving a court's exercising subject matter jurisdiction over the crime of murder only if the crime took place within its territorial borders is misplaced, as integral to the crime of childsnatching is the presence of a validly issued court order rendered previously by a court of the prosecuting state. As the court in Commonwealth v. Beals,541 N.E.2d 1011, 1015 (Mass. 1989) held in reference to its parental kidnapping statute, G.L.C. 265, § 26A: one cannot be convicted of parental kidnapping unless one is without lawful authority to take the children pursuant to a binding court order.
For the reasons hereinabove stated, the defendant's motion to dismiss the count of childsnatching with which he has been charged is denied.