People v Rosas (2024 NY Slip Op 50535(U))

[*1]

People v Rosas

2024 NY Slip Op 50535(U)

Decided on May 6, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 6, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Roberto Uraga Rosas, Defendant.

Docket No. CR-000762-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Tara M. Guarino)
For the Defendant:
Alexander Sanchez, Esq.

Yadhira Gonzalez-Taylor, J.

On February 22, 2024, defendant moved this Court for an order dismissing the accusatory instrument pursuant to Criminal Procedure Law ("CPL") § 30.30. The People opposed the motion on April 4, 2024. Upon review and consideration of the submissions, court file and relevant legal authority, the Court DENIES defendant's motion to dismiss the accusatory instrument, and further holds that: 1) The People's Certificate of Compliance ("CoC"), filed and served on April 8, 2023, was VALID; and 2) the Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
RELEVANT PROCEDURAL BACKGROUND
On January 11, 2023, defendant Roberto Uraga Rodriquez was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (3) (driving while intoxicated) and 1192 (1) (driving while impaired), a misdemeanor and violation, respectively. Defendant was arraigned on the Criminal Complaint on January 12, 2023, and released on his own recognizance. On April 4, 2023, the prosecution filed a superseding information ("SSI") which added two misdemeanor charges: VTL §§ 1192 (2) (driving while intoxicated, per se) and 1192 (2-a) (a) (aggravated driving while intoxicated), and defendant was arraigned thereon. On April 8, 2023, the prosecution filed and served a Certificate of Compliance ("CoC"), Statement of Readiness ("SoR") and automatic disclosures.[FN1]

Following a decision by Hon. E. Deronn Bowen granting that part of defendant's omnibus motion seeking Dunaway/Huntley/Mapp hearings, the docket was scheduled for [*2]hearings and trial on February 22, 2024; however, defense counsel requested the instant 30.30 motion schedule.
DISCUSSION
I. The Parties' Arguments
Defense counsel avers that the accusatory instrument should be dismissed in its entirety because defendant was not arraigned on the SSI until October 30, 2023, 10 months after his arrest, and argues that the prosecution has failed to assert an exception pursuant to § CPL 30.30 (4) (g) and, thus, the post-CoC filing time should be chargeable to the People (affirmation of defendant's counsel at ¶ 4-8). The People maintain that their CoC and SoR filings on April 8, 2023, were valid and, thus, tolled their speedy trial time at 86 days (affirmation in opposition). Moreover, the prosecution states that defense counsel has failed to proffer a legal argument that the timing of when the People may file an SSI has any bearing on the 30.30 computation of speedy trial time (affirmation in opposition).
II. Applicable Legal Standards
CPL § 30.30 Challenge [FN2]

In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1][b]); see also People v Luperon, 85 NY2d 71, 77-78 [1995]). 
CPL § 100.50 (2) Superseding information and prosecutor's information
Criminal Procedure Law § 100.50 provides that "(a)t any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor's information charging any offenses supported [ ].
(see CPL § 100.50 [2] [emphasis added]).
III. The Court's Analysis
Defense counsel's motion, bereft of a memorandum of law, fails to advance any legal authority for the proposition that the timing of the prosecution's SSI should have speedy trial consequences. However, CPL § 100.50 (2), unambiguously restricts the timing requirement for an SSI to 1) prior to the entry of a guilty plea, or 2) before the commencement of trial (see CPL § 100.50 [2]; see also People v Cibro Oceana Terminal Corp., 148 Misc 2d 145, 151 [Crim Ct, Bronx County 1990]). 
Additionally, where an "accusatory supersedes an original instrument, for purposes of CPL § 30.30, provided the second instrument directly derives from the initial instrument, the date of commencement is the date of the original instrument" (see People v Jeffer, 75 Misc 3d 1227[A], 2022 NY Slip Op 50679[U], *3 [City Court, Yonkers 2022]["The CPL fails to define derive and accordingly, this term should be given its ordinary meaning which means to trace or [*3]originate"][internal citations omitted] citing People v Osgood, 52 NY2d 37, 44 [1980]).
At bar, the converted SSI, which charged two additional counts under the VTL based upon the assigned ADA's receipt of the forensic toxicologist analysis from the Office of Medical Examiner ("OCME"), derives directly from the original Criminal Complaint. Additionally, we credit the assigned ADA's representation that she endeavored but was not immediately able to schedule conferral with the deponent and arresting officer regarding the supporting deposition. Accordingly, we find no legal basis for charging the prosecution with the time elapsed from the CoC filing to the defendant's arraignment on the supporting deposition.
Lastly, as the record is devoid of any other basis to challenge the prosecution's certification, this Court finds that the People's CoC, filed April 8, 2023, was valid. 
IV. The CPL § 30.30 Calculation
Here, the People's 30.30 calculation commenced on January 12, 2023, the day following defendant's arraignment. The People's CoC tolled their speedy-trial time (January 12, 2023 to April 8, 2023 = 86 days). Consequently, the prosecution validly declared readiness for trial within the statutorily prescribed time (see CPL §§ 30.30 [1][b]) and [4]).
CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to dismiss the accusatory instrument, and further holds that:
The People's CoC, filed and served on April 8, 2023, was VALID; and
The Court finds that there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
This constitutes the opinion, decision, and the order of the Court.
Dated: May 6, 2024
Bronx, New York
_________________________________
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:Further, the People filed Statements Maintaining Readiness on July 11, 2023, and September 11, 2023, and on October 30, 2023, the People converted the accusatory instrument with the filing of a supporting deposition and defendant was arraigned thereon. 

Footnote 2:Although defendant's omnibus motion did not move the court to invalidate the prosecution's CoC, insofar as the instant motion claims a 30.30 challenge, the Court will determine whether the People timely certified trial readiness.